MYERS, J.,
FOR THE COURT:
¶ 1. Evelyn Ann Lazarus (“Evelyn”) and Thomas Sutton Lazarus (“Thomas”) appeared before Judge Frank McKenzie of the Chancery Court of the Second Judicial District of Jones County, seeking an irreconcilable differences divorce. Chancellor McKenzie took the matter under advisement, and asked Evelyn and Thomas to provide more information so that the chancellor could rule on property division, alimony, child support, and custody. On December 22, 2000, the chancellor issued his order and opinion. He found that the *183 Lazaruses should share legal and physical custody of their college-age daughter. No child support was ordered, but the chancellor ordered Thomas to pay all of the child’s college expenses as long as the child maintains a “C” average. Additionally, Thomas would be responsible for all medical and dental expenses of the child.
¶ 2. The chancery court found the Laza-ruses to have only three marital assets: their home, Thomas’s retirement account, and Evelyn’s retirement account. The chancellor awarded each spouse one-half of the other spouse’s retirement account and vested title in the home to Evelyn, who would also be responsible for the house payments. Evelyn now appeals the chancellor’s ruling. We affirm.
Issues
I. Whether the trial court used an incorrect amount for the value of Thomas’s retirement, thereby reducing Evelyn’s just share in the property division.
II. Whether the trial court incorrectly analyzed the parties’ respective estates and therefore failed to award alimony to Evelyn.
III. Whether the trial court considered incorrect facts regarding the minor child of the parties, thereby failing to properly impose child support obligations on Thomas.
Standard of Review
¶ 3. All of the issues raised by Evelyn involve the same standard of review. It must be reasonably certain to the Court that the chancellor abused his discretion, was manifestly wrong, clearly erroneous or applied an erroneous legal standard. Barton v. Barton, 790 So.2d 169, 175 (¶ 17) (Miss.2001) (citing Cummings v. Benderman, 681 So.2d 97, 100 (Miss.1996)); Duncan v. Duncan, 774 So.2d 418, 419 (¶ 4) (Miss.2000).
Discussion
¶ 4. We pause before discussing the merits of this case to note additional procedural history. Neither Evelyn nor her attorney received notice of the entry of the judgment. When Evelyn’s lawyer found out that a judgment had been entered in his case, he filed a motion for an out of time appeal in accordance with M.R.A.P. 4(h). The trial court denied this motion. Evelyn then appealed that judgment.
¶ 5. Thomas’s attorney filed a motion to dismiss the appeal with the Mississippi Supreme Court citing Rule 4(a) of the Mississippi Rules of Appellate Procedure. The supreme court denied Thomas’s motion, and we now reach the merits of the appeal.
I. Property Division
¶ 6. The Mississippi Supreme Court has stated eight factors a chancellor should consider when equitably dividing marital property:
1. Substantial contribution to the accumulation of the property. Factors to be considered in determining contribution are as follows:
a. Direct or indirect economic contribution to the acquisition of the property;
b. Contribution to the stability and harmony of the marital and family relationships as measured by quality, quantity of time spent on family duties and duration of the marriage; and
c. Contribution to the education, training or other accomplishment bearing on the earning power of the spouse accumulating the assets.
2. The degree to which each spouse has expended, withdrawn or otherwise disposed of marital assets and any prior distribution of such assets by agreement, decree or otherwise.
*184 3. The market value and the emotional value of the assets subject to distribution.
4. The value of assets not ordinarily, absent equitable factors to the contrary, subject to such distribution, such as property brought to the marriage by the parties and property acquired by inheritance or inter vivos gift by or to an individual spouse;
5. Tax and other economic consequences, and contractual or legal consequences to third parties, of the proposed distribution;
6. The extent to which property division may, with equity to both parties, be utilized to eliminate periodic payments and other potential sources of future friction between the parties;
7. The needs of the parties for financial security with due regard to the combination of assets, income and earning capacity; and,
8. Any other factor which in equity should be considered.
Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994). The chancellor need not consider all eight of the factors, but must consider all applicable to the property in question. Carrow v. Carrow, 741 So.2d 200, 202 (¶ 10) (Miss.1999).
¶ 7. In order for the Court to make a meaningful review of the chancellor’s decision, he must “separately consider and make findings of fact as to each of the relevant Ferguson factors as a prelude to his actual determination.” Baker v. Baker, 807 So.2d 476, 479 (¶ 12) (Miss.Ct.App.2001) (citing Heigle v. Heigle, 771 So.2d 341, 346—47 (¶¶ 16-17) (Miss.2000)). The failure to make such findings is an abuse of discretion that requires reversal and remand. Id. (citing Heigle, 771 So.2d at 348 (¶ 20)).
¶ 8. The chancellor made detailed findings using the Ferguson factors. Evelyn was awarded the marital home and a cash payment (representing her share of Thomas’s retirement account) of $29,138.30. The chancellor found that these assets, given Evelyn’s lifestyle, her employment, and level of education, should provide her with a good standard of living. Given the chancellor’s meticulous findings, we cannot hold the property division to be erroneous. The judgment regarding the property division is therefore affirmed.
II. Alimony
¶ 9. The guidelines to be used in determining if alimony is appropriate in a particular case were established in Armstrong v. Armstrong, 618 So.2d 1278 (Miss.1993). They are:
(1) The income and expenses of the parties;
(2) the health and earning capacities of the parties;
(3) the needs of each party;
(4) the obligations and assets of each party;
(5) the length of the marriage;
(6) the presence or absence of minor children in the home;
(7) the age of the parties;
(8) the standard of living of the parties, both during the marriage and at the time of the support determination;
(9) the tax consequences of the spousal support order;
(10) fault or misconduct;
(11) wasteful dissipation of assets by either party; or
(12) any other factor deemed just and equitable.
Id. at 1280. Unlike property division, an on-the-record analysis of the Armstrong factors is not necessary. Thompson v. *185 Thompson, 816 So.2d 417, 420 (¶ 9) (Miss.Ct.App.2002).
¶ 10. The chancellor makes it clear that he has considered the Armstrong factors, and sees no need for alimony. While Evelyn’s testimony indicated she was concerned about her health, her Rule 8.05 statement indicated she had medical bills of $150 per month. She has lost no wages due to hospitalization or illness. She has medical insurance provided through her employer. Additionally, she stated she is only two credit hours away from a graduate degree. After reviewing the standard of living that Evelyn enjoyed during the marriage, the chancellor concluded that Evelyn should be able to enjoy a comparable lifestyle on her income and her share of the marital assets. Given the chancellor’s findings of fact, we affirm the judgment as it concerns alimony.
III. Child Support
¶ 11. Child support award guidelines are governed by Miss.Code Ann. § 43-19-101 (Rev.2000). For one child, there is a rebuttable presumption that fourteen percent of the supporting parent’s gross income should be awarded for support. Id. However, in cases where the adjusted gross income of the parent paying child support is over $50,000, the chancellor may make written findings that the statutory guidelines are not applicable Id. In the case before us, Thomas has an adjusted gross income that does exceed $50,000. The chancellor noted this and Thomas’s excellent record of providing for all needs of his daughter,[1] including educational needs. As such, the chancellor ordered Thomas to continue to provide for Erin’s educational needs. The chancellor stated that he would revisit this issue if Thomas should fail to provide for Erin. Again, we cannot find that this was an abuse of the chancellor’s discretion. As such, we affirm. .
¶ 12. THE JUDGMENT OF THE CHANCERY COURT FOR THE SECOND JUDICIAL DISTRICT OF JONES COUNTY IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.

. This is supported by Evelyn's testimony to that fact.