STATE *vs.* GRANT V. KAVANAUGH.

OCTOBER 20, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is a criminal complaint for reveling. It is here on the defendant's exception to the decision of the trial justice who heard the case without a jury in the superior court and found the defendant guilty as charged.

The complaint charged that defendant was found reveling in a public place, to wit, the police station in the town of Westerly, to the disturbance of the orderly people of the town in violation of chapter 10 of the general ordinance of the town. The evidence showed that defendant while confined in a cell in the police station without any charge having been brought against him made a noise in his cell by grabbing and shaking the door and "hollering" so that he could be heard by an officer in another part of the sta-

tion. This officer thereupon went into the cell block and defendant called him a vile name connoting sex deviation. The instant charge was then made against defendant and no other charge was preferred as a basis for his prior detention.

It further appears from the evidence that defendant was originally brought to the station as a result of an automobile accident on a public highway in the town. He was found at the scene by the police in company with Donald G. Wheeler. Both were detained until the police could ascertain who was driving the automobile which was involved in the accident. Later only Wheeler was charged with an offense because of such accident. See *State* v. *Wheeler,* 92 R. I. 389, 169 A.2d 7.

The defendant argues that reveling in this state has been defined as behaving in a noisy, boisterous manner like a bacchanalian and that the evidence does not prove such behavior. He further argues that his conduct in the police cell was not in a public place within the meaning of that term as used in the ordinance or that such conduct was disturbing to the orderly people of the town.

In our opinion there is merit in those contentions. A police station cell is not such a public place as would justify characterizing conduct of a prisoner therein as reveling. At least we are aware of no case in this state that would warrant us in so holding. On the contrary it has been expressly stated in another connection that, "The phrase 'public place' is relative not absolute. What is a public place for one purpose may not be such for another. Whether a certain place is a public place within the meaning of a particular statute is often a question partly of fact, partly of law." *Bowker* v. *Semple,* 51 R. I. 142, 147. So here we cannot say absolutely that a police station is or is not a public place within the intendment of the ordinance against reveling. In certain circumstances it might conceivably be such in connection with a charge of reveling, but ordinarily

it would not. However, in the circumstances of the instant case we have no hesitancy in finding that the police cell in a separate part of the station where the alleged reveling occurred was not a public place within the fair intendment of the ordinance.

The gravamen of the offense of reveling is the disturbance of the public peace in a particular way, namely, "to behave in a noisy, boisterous manner, like a bacchanalian." *Petition of Began,* 12 R. I. 309. It is inconceivable that the public peace was disturbed by the defendant's behavior while he was securely immured in a cell. Moreover, it is more reasonable to assume that his conduct was motivated more by natural indignation at his incarceration in such a place without any charge having been preferred against him, rather than by the groundless and unrestrained noisy tendencies of a bacchanal. On our view of the law and the evidence the offense charged against him was not proved and therefore the trial justice erred in finding him guilty.

The defendant's exception is sustained, and the case is remitted to the superior court with directions to dismiss the complaint and discharge the defendant.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* Chief Special Counsel, for State.

*Aram K. Berberian,* for defendant.