Ernest G. Earle *et al.* *vs.* Zoning Board of Review of
the City of Warwick.

MAY 29, 1963.

Present: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

322

JOSLIN, J. This petition for a writ of certiorari was brought to review the decision of the respondent board denying an appeal from the issuance by the building inspector of the city of Warwick of a permit to construct a building in a district zoned "General Business." Pursuant to the writ the respondent board has certified to this court the pertinent records of its meeting and decision.

James J. Warburton and Alice Warburton, husband and wife, hereinafter referred to as the applicants, are the owners of lot 117 on assessor's plat 307 located in a general business zone on Warwick avenue in the city of Warwick. The petitioners are the owners of adjacent improved property, two of whose homes are on land abutting the applicants' lot and are located in a residence zone.

The applicants filed with the building inspector the plans of the proposed building, together with a plot plan showing that it will be located approximately in the center of their 20,000-square-foot lot and that the remainder will be used for driveways and a 37-car asphalt surfaced parking area. The plot plan also shows a retaining wall and a screen fence

on the easterly side of the land between it and the abutting residences.

On November 1, 1962 the building inspector granted a permit authorizing the building operations "in accordance with all the provisions of the Building and Zoning Laws of the City of Warwick." The petitioners' appeal therefrom to the respondent zoning board was denied on December 7, 1962.

An examination of the record shows that the applicants propose to erect a one-story drive-in refreshment stand from which root beer, ice cream and other items of like nature will be sold. While they had not at the time of the hearing before the board determined with finality the exact method of operating the drive-in, they conceded that some or all of the following types of service would be offered to customers. Patrons will park their automobiles in the parking area provided, and may either purchase their food from the carhops and consume it in their automobiles or approach a service window and, while outside the building, purchase what they want which will then be passed to them from the interior of the building through the service window to be consumed before or after returning to their automobiles. It will also be possible for customers to arrive at the premises other than by automobile, make their purchases and consume them on the premises. No provisions are made for them to enter the building for the purpose of either purchasing or consuming food.

The petitioners argue first that there is no authority under sec. 6.1.3 of the zoning ordinance for issuing a building permit unless all the activities in connection with the use of the applicants' land will be principally and customarily carried on within the proposed building. They do not contend that the contemplated use will be other than for a retail store or service establishment. The pertinent portion of sec. 6.1.3 permits the use of property in a general business district for the purposes of:

> "Retail stores and service establishments—the principal activity of which is the selling of merchandise and services at retail, the *merchandise or* activity of which is principally and customarily *stored or* conducted within a building, including hotels and motels but excluding Automotive Business District uses." (italics ours)

In support of their position they urge a construction of sec. 6.1.3 which would omit from it the words italicized by us in the above quotation. To adopt the construction urged by petitioners is to equate the disjunctive "or" with the conjunctive "and." The words "or" and "and" are not the equivalent of each other and should not be considered as interchangeable unless reasonably necessary in order to give effect to the intention of the enacting body. *Pedro* v. *Muratore,* 83 R. I. 123.

Reference to sec. 6.1.4 of the ordinance which sets forth uses permitted in a heavy commercial district indicates that the local legislative body clearly understands the difference between the disjunctive "or" and the conjunctive "and." The pertinent portion reads as follows: "Retail stores, service establishments and repair shops, the merchandise *and* operations of which are stored or conducted outside a building as customarily as within * * *." (italics ours)

In sec. 6.1.4 the legislative body made clear its intention by the use of the conjunctive "and" that both the storage of the merchandise *and* the conduct of the operations of the business are to be stored or conducted outside a building as customarily as within. In sec. 6.1.3 it equally made clear that it is intended by the use of the disjunctive "or" something different from what it intended by the use of the conjunctive "and" in sec. 6.1.4.

Zoning ordinances are in derogation of the common-law right of the owner as to the use of his property and must therefore be strictly construed. *Lamothe* v. *Zoning Board of Review,* 81 R. I. 96, 101. In determining restric-

tions upon an owner's use of his property in instances where doubt exists as to the legislative intention, the ordinance should be interpreted in favor of the property owner. See *United Cerebral Palsy Ass'n* v. *Zoning Board of Adjustment,* 382 Pa. 67.

So construed, it is our opinion that sec. 6.1.3 authorizes as a permitted use in a general business zone the selling of merchandise and services at retail *either* where the merchandise is to be principally and customarily stored within a building *or* where the activity is to be principally and customarily conducted within a building. Either is sufficient; both are not required.

The drive-in refreshment stand for which a permit has been here requested contemplates that the merchandise to be offered for sale will be principally and customarily stored within the building. It was, therefore, within the limits of his authority under sec. 6.1.3 for the building inspector to grant to the applicants the requested permit, unless prevented from so doing by some other provision of the ordinance.

The petitioners further argue that authority for the contemplated use must be found within the limits of sec. 6.2.3.1, a subsection of sec. 6.2 entitled "Uses Permitted with Special Conditions." Section 6.2.3.1 reads as follows: "Business providing service to customers in their vehicles (drive-ins) subject to the construction requirements of Section 9.7." Section 6.2.3.1 does not stand alone. It must be read as part of a comprehensive plan duly enacted and designed to promote "health, safety, morals, and the general welfare of the community" as set forth in sec. 1, the purpose clause of the zoning ordinance.

If there be any doubt or ambiguity as to its meaning or the legislative intent which led to its enactment, and petitioners contend there is, it must be considered together with other relevant sections of the zoning ordinance. *State*

v. *Haggerty,* 89 R. I. 158. So considered, its meaning is clear. Section 6.1.3 sets forth the uses permitted in a general business zone. Some uses so permitted are, however, subject to limitations contained in other sections of the zoning ordinance.

Section 6.2.3.1 is one of limitation and does not set forth particular uses to which an owner may put his land. It does provide certain conditions with which an owner must comply if he would use his land for a use otherwise permitted under other sections of the zoning ordinance including sec. 6.1.3. A grant of a building permit for the construction of a drive-in refreshment stand of the type contemplated is authorized if, and only if, compliance with the provisions of sec. 9.7 is required.

Section 9.7 provides generally that parcels of land used for parking areas for more than ten vehicles or for businesses such as a drive-in or motor vehicle sales or service establishment shall require approval of the plans therefor by the director of public works and shall be so developed as to comply with its requirements such as, but not limited to, paving, fencing and lighting. The legislative enactment clearly indicates an intention to protect neighboring property owners such as petitioners from the distresses and disturbances which might normally be associated with the unregulated use of land for the above-mentioned purposes. The petitioners do not here contend that compliance with the provisions of sec. 9.7, including the approval of the director of public works, was not required by the building inspector and our opinion is predicated on the assumptions that there was such compliance and approval.

The petitioners further contend that the kind of drive-in referred to in sec. 6.2.3.1 is one whose activities are confined exclusively to providing service to customers in their vehicles and do not include providing service to persons whether in their automobiles or not. With such con-

tention we need not concern ourselves. As we have already stated, the authority for the use of the applicants' land for the drive-in refreshment stand here contemplated is found in sec. 6.1.3.

It matters not whether a drive-in be defined as a place of business laid out and equipped so as to confine the service offered exclusively to patrons remaining in their automobiles, or whether it be defined as a place of business laid out and equipped so as to make available such service to patrons whether in their automobiles or in the open expanse of a parking lot surrounding such place of business. In either instance, petitioners have no valid objection if the proposed use is made subject to the paving, fencing, lighting and other requirements of sec. 9.7. Stated otherwise, petitioners are receiving the benefits of sec. 9.7 to which they would not be entitled if the building inspector had adopted the restrictive definition of the word "drive-in" urged by them.

The petitioners finally contend that sec. 6.2.3.1 is so vague and ambiguous and so lacking in standards by which it may be interpreted and applied as to deprive them of due process of law and of the equal protection of the laws as guaranteed by article XIV of the amendments to the constitution of the United States and section 10 of article I of the constitution of Rhode Island.

In the posture in which we have decided this case it matters not to the petitioners whether sec. 6.2.3.1 is vague and ambiguous. As we have already stated, whatever the meaning of the word "drive-ins" or the interpretation to be given to sec. 6.2.3.1, they do not suffer so long as compliance with sec. 9.7 is required. This being so, a determination of the constitutional issues raised by the petitioners is not necessary and indispensable to the disposition of this case, and this court will not pass on the constitutionality of an ordinance absent such necessity and indispensability. *Lamothe* v. *Zoning Board of Review, supra,* page

100. For our purposes, therefore, we have assumed that the questioned section of the ordinance is constitutional.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

*Anthony A. Giannini,* for petitioners.

*James R. Morriss,* City Solicitor for City of Warwick.

*Archie Smith, Francis J. McElhiney,* for amici curiae James J. Warburton et ux.