[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is before this court on an appeal from a decision of the Zoning Board of Review of the Town of Portsmouth (hereinafter, the "Board"). The Board affirmed the decision of the building inspector's denial of a permit to construct a store for the retail sale of pizza. The jurisdiction of this court to review the decision of the Board is controlled by Rhode IslandGeneral Laws 1956 (1988 Reenactment) § 45-24-20(d), which provides as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance (2) in excess of the authority granted to by statute or ordinance; (3) made upon unlawful (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing a zoning board decision the Superior Court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record."Apostolou v. Genovesi, 388 A.2d 821, 825 (R.I. 1978). This requisite "substantial evidence" has been further defined, ". . . as more than a scintilla but less than a preponderance." Id. at 824; ". . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 826.
The property in question is owned by co-plaintiff Samuel's Realty Co., Inc. and is located at 2576 East Main Road, Portsmouth, Rhode Island is identified on the local tax assessor's plat as Tax Assessor's Map 35, Lot 22. Plaintiff David Haag (hereinafter "plaintiff") proposed to lease the property owned by Samuel's Realty Co., Inc. and make improvements to said real estate for the purposes of opening a delivery and pick-up pizza business.
On July 19, 1990, the plaintiff appeared before the Board to appeal the Portsmouth building inspector's denial of the plaintiff's application. On the application the plaintiff sought a permit on the belief that his proposed use of the leasehold was allowable under Article II, Section 2, E1 of the Zoning Ordinance of the Town of Portsmouth which reads:
 store for retail sale of merchandise, provided all display storage and sales for merchandise are conducted within a building and there be no manufacturing or premises.
The building inspector denied the plaintiff's application stating, "the proposed business can best be described as a fast food establishment. Before this department can issue a building permit, permission is needed from the Zoning Board of Review." (Exhibit "B"). In order for the plaintiff to be granted a permit for a fast-food establishment in a "C-1" zone in Portsmouth, a special exception is required from the Board. Article II, Section I, b, outlines what considerations are measured prior to the denial or grant of a special exception.
It was determined at the July 19, 1990 zoning board meeting that the plaintiff's proposed use would either be classified as a fast-food eating place or a prohibited use, thereby affirming the building inspector's action. The classification upon which the plaintiff relied, classified his delivery and pick-up pizza shop as a store for the "retail sale of merchandise". Such a use is allowed as a matter of right in a C-1 zone. The plaintiff attempted to utilize this classification despite the fact that it requires that "no manufacturing or assembly on the premises" occurs. This proviso would directly conflict with the plaintiff's intentions to make "made-to-order" pizza.
The building inspector, upon denying the plaintiff's permit, ruled that the proposed use was governed by Article II, Section 2, F7 of the Portsmouth Zoning Ordinance. This would categorize the plaintiff's proposed use as a "drive-in eating place or fast-food eating place" which is allowed in a C-1 zone only upon special exception. The only remaining provision considered at the July 19, 1990 board meeting was Article I, Section 6:1 which states in pertinent part, "no building shall be . . . used . . . unless in conformity with the regulations of this Ordinance of other ordinances of the Town of Portsmouth. All other buildings, and all other are hereby expressly prohibited . . .".
The argument advanced by the plaintiff in support of its classification of the pizza shop as a store for retail sale of merchandise makes use of a 1963 case in which the respondents were granted a permit for the erection of a one-story, drive-in refreshment stand. In the case, Earle v. Zoning Board ofWarwick, the pertinent portion of the Warwick zoning ordinance read:
 "Retail stores and service establishments — the principal activity of which is the selling of merchandise and services at retail, the merchandise or activity of which is principally and customarily stored or conducted within a building, including hotels and motels . . .
 Earle v. Zoning Board of Warwick, 96 R.I. 321, 323-324 (1963).
The court in Earle ruled that under this ordinance, the respondent's drive-in refreshment stand was described within the provision. The plaintiff in the case at bar argues that since this definition had apparently been decided in Earle to include food selling stands as "retail stores" than he should come within the Article II, Section 2, E1 designation of retail stores. Upon making this classification that his pizza shop is within the definition of "retail store" in the Portsmouth ordinance, the plaintiff then argued that the restrictions, "there be no manufacturing or assembly", do not apply to him because those terms are not to be associated with the preparation of food. The plaintiff's attempts to select only those provisions of Article II, Section 2, E1 that will allow him a permit as a matter of right and reject those provisions that conflict with his proposed use are self-serving and contrary to the intent of the ordinance. The Town of Portsmouth, defendant in this case, maintained that the use described as a retail store was never intended to be utilized as the plaintiff attempts here. The Town did recognize that even though the ordinance lacks a specific use as desired by the plaintiff, his use more closely resembles a fast-food eating place than a store for the retail sale of merchandise. This court
The plaintiff next argued that the surrounding and shops permitted to operate as retail stores do offer food prepared in the store. The plaintiff furthers this argument by contending that this is done in violation of Article II, Section 2, E1 and in a sense might be considered sanctioned by the Town. If this is the case, the plaintiff argues that the application of the ordinance is done in a discriminatory manner. If these violations of the ordinance do exist, as the plaintiff suggests, then certainly the proper remedy would not be to allow the plaintiff to violate the ordinance also but to remedy the problem by more stringent enforcement, which is not within the power or responsibility of the Board.
The defendant additionally contends that a made-to-order pizza parlor is, by its very nature, more similar to a fast-food or drive-in eating place than a store in the business of selling retail merchandise. This court concurs and points out, as was mentioned in the record, that the plaintiff's options are not yet exhausted. The plaintiff may seek a special exception for the purpose of acquiring a permit for a drive-in or fast-food eating place or attempt to qualify for a permit under another designation, such as one used by donut shops or bakeries that already exist in the Town.
It is the opinion of this court, after its review of the whole record, that the board's decision to affirm the action of the building inspector was supported by substantial evidence. The July 19, 1990 decision of the Zoning Board of Review of Portsmouth is affirmed.