DECISION
On September 3, 2002, Warwick Police were dispatched to defendant's home in response to a telephone report of a domestic disturbance. Defendant's wife, Linda, had made the report. After arriving at the scene, officers spoke to Linda Russell who described a heated argument with her husband wherein defendant allegedly demanded that the family home be sold and threatened that if was not sold that he would destroy it. Defendant allegedly threw a piece of furniture from the porch into the yard and flipped over the dining room table. It does not appear that defendant struck his wife nor did he threaten to do so. He did not attempt to carry out his conditional threat to destroy the house.
Defendant is charged with violating R.I. Gen. Laws § 11-45-1(a)(1), a sub-section of the so-called disorderly conduct statute, which prohibits persons from intentionally, knowingly, or recklessly engaging in fighting or threatening, or in violent or tumultuous behavior. Defendant moves to dismiss the charges against him and argues that sub-sections (a)(1) and (a)(2) must be read in conjunction with one another requiring that the offending conduct occur in a public place or near a private residence that the perpetrator has no reason to occupy. In the alternative, defendant argues in the statute is unconstitutional due to vagueness.
 I. Statutory Construction — Whether the Court must construe
R.I. Gen. Laws § 11-45-1(a)(1) and (a)(2) together
R.I. Gen. Laws § 11-45-1(a) (2002) provides:
11-45-1. Disorderly conduct. — (a) A person commits disorderly conduct if he or she intentionally, knowingly, or recklessly:
(1) Engages in fighting or threatening, or in violent or tumultuous behavior;
(2) In a public place or near a private residence that he or she has no right to occupy, disturbs another person by making loud and unreasonable noise which under the circumstances would disturb a person of average sensibilities;
(3) Directs at another person in a public place offensive words which are likely to provoke a violent reaction on the part of the average person so addressed;
(4) Alone or with others, obstructs a highway, street, sidewalk, railway, waterway, building entrance, elevator, aisle, stairway, or hallway to which the public or a substantial group of the public has access or any other place ordinarily used for the passage of persons, vehicles, or conveyances;
(5) Engages in conduct which obstructs or interferes physically with a lawful meeting, procession, or gathering;
(6) Enters upon the property of another and for a lascivious purpose looks into an occupied dwelling on the property through a window or other opening; or (emphasis added)
(7) Exposes his or her genitals to the view of others under circumstances in which his or her conduct is likely to cause affront, distress, or alarm to the other persons.
Defendant argues that sub-sections (a)(1) and (a)(2) must be read in conjunction with one another and that a person cannot be convicted of disorderly conduct under (a)(1) when the behavior occurs within his own private residence. In support of his position, defendant urges a construction of 11-45-1(a) that either omits consideration of the last five sub-sections or equates the disjunctive "or" with the conjunctive "and." The words "or" and "and" are not the equivalent of each other and should not be considered as interchangeable unless reasonably necessary in order to give effect to the intention of the enacting body. Earle v.Zoning Board of Review, 96 R.I. 321; 191 A.2d 161(1963), Pedro v.Muratore, 83 R.I. 123, 113 A.2d 731 (1955).
When engaging in statutory construction, the court first must determine whether there exists an ambiguity in the language of the statute. If the language is clear and unambiguous, the court interprets the statute literally and must give the words of the statute their plain and ordinary meanings. Where the statute is clear, there is no room for statutory construction, and the court examines the statute in its entirety to glean the intent and purpose of the legislature. In doing so, the court will not construe a statute to reach an absurd or unintended result. State v.Ceraso, 812 A.2d 829 (R.I. 2002).
Examining this statute in its entirety, the court finds that the disjunctive "or" separates each sub-section, including sub-sections (a)(1) and (a)(2). To equate the disjunctive "or" and the conjunctive "and" in this statute would achieve an absurd result. The legislature clearly did not intend that no person could be convicted of disorderly conduct unless he or she had engaged in all of the conduct set forth in each of the seven sub-sections. Given its general meaning, the disjunctive "or" serves to join words having equal importance and weight, independent of one another. Had the legislature intended that sub-sections (a)(1) and (a)(2) be considered together, it would have joined those two sub-sections with the conjunction "and". Defendant's contention that the legislature intended sub-sections (a)(1) and (a)(2) to be read in conjunction with one another fails. The language of the statute is clear and unambiguous. Sub-section (a)(1) is not modified by the provisions in sub-section (a)(2).
 II. Due Process
Defendant next argues that 11-45-1(a)(1) is so vague or indefinite as to violate the federal and state guaranties of due process. It is well established that the state may not hold a person "criminally responsible for conduct which he could not reasonably understand to be proscribed."State v. Authelet, 120 R.I. 42, 45, 385 A.2d 642 (1978), State v.Levitt, 118 R.I. 32, 36, 371 A.2d 596, 598 (1977), quoting Rose v.Locke, 423 U.S. 48, 49, 96 S.Ct. 243, 244, 46 L.Ed.2d 185, 188 (1975). ". . .This constitutional mandate is founded upon our system's concept of fairness. If a criminal act is set forth in a statute in uncertain terms, the innocent may be trapped by inadequate warning of what the state forbids." State v. Authelet, 120 R.I. at 45. Additionally, there must be explicit standards to guide law enforcement officers and the court to avoid the threat of arbitrary and discriminatory enforcement and to avoid inhibiting the exercise of basic freedoms. Id.
In determining whether the statutory terms reasonably inform an individual of the criminality of his or her conduct, the court must determine whether the disputed verbiage provides adequate warning to a person of ordinary intelligence that his or her conduct is illegal by common understanding and practice. Id.
In this case, the court will perform the "definiteness" appraisal in two steps. First, the court will determine whether the words: "fighting", "threatening", "violent" and "tumultuous" are sufficiently clear to inform an individual of ordinary intelligence that his or her conduct is prohibited by the statute. If so, the court will then consider whether the statute meets constitutional muster in the absence of a public element of offense. The court must determine whether the statute provides warning to a person of ordinary intelligence that tumultuous conduct in his or her own home is illegal, when the conduct disturbs no one outside the person's home and family.
In making the initial determination, the court reviews the common law meaning of the words, their statutory history and prior judicial interpretations. Id at 46.
In accordance with its ordinary definition, "tumultuous" behavior is conduct that is marked by violent or overwhelming turbulence or upheaval. Tumultuous behavior is full of commotion and uproar. It is riotous, stormy or boisterous. "Tumult" has been defined as a tempestuous arising, characterized by noise and disorder, commotion and disturbance.Commonwealth v. Zettel, 46 Mass. App. Ct. 471; 706 N.E.2d 1158; (1999).
A statute which provides that every person who engages in brawling or fighting shall be guilty of disorderly conduct is not so vague or indefinite as to violate federal and state guaranties of due process.State v. Reynolds, 243 Minn.196, 66 N.W.2d 886 (1954).
A Connecticut court has found that a portion of the disorderly conduct statute which proscribed fighting or violent, tumultuous, or threatening behavior was not impermissibly vague as applied to a defendant who was prosecuted for physically pushing his way through a door against the will of another person. The language of the statute, coupled with preexisting judicial opinions gave the defendant fair warning that his conduct might result in criminal liability. State v. Indrisano, 228 Conn. 795,640 A.2d 986 (1994).
This court concludes that the words "fighting", "threatening", "violent" and "tumultuous" are sufficiently clear to provide a person with notice that such conduct will subject him or her to criminal prosecution.
The court next considers whether the statute is sufficiently clear to provide warning to a person of ordinary intelligence that tumultuous conduct in his or her own home is illegal, when the conduct disturbs no one outside his or her home and family. 11-45-1(a)1) does not contain a public element of offense.
Whether particular conduct or words or acts are disorderly is dependent upon facts of each particular case and, in determining the issue, not only the nature of the particular act must be considered but also the time and place of its occurrence as well as all of the surrounding circumstances. See State v. Reynolds, 243 Minn.196. For a person to be guilty of disorderly conduct, the public or some member thereof must be disturbed. It is generally considered that disorderly conduct embraces certain minor offenses defined by statute or ordinance to consist of disturbances of the peace and quiet of the public, the community, families, or a class of persons, or in conduct which tends to provoke breach of the peace or to corrupt public morals. Id.
The Minnesota court in Reynolds concluded that if a statute did not require that the act be committed in a public place or a specified place, then it is sufficient if the disorderly conduct is committed within the confines of the jurisdiction of the court. They held further that depending upon the circumstances, it may be enough if the peace of only one person is disturbed. However, this court notes that in the Reynolds
case, the defendant was not accused of brawling conduct that occurred in his own home and solely in the presence of his own family members. Reynolds attempted to enter a home of another and engaged in brawling conduct toward a 13 year old girl who was baby-sitting at that home.
Defendant relies upon State v. Kavanaugh, 93 R.I. 239, 174 A.2d 286
(1961) and argues that the disorderly conduct statute requires that the offending behavior be committed in a public place. Kavanaugh was charged with violating a town ordinance that prohibited reveling in a public place. The court reversed the conviction finding that a police station cell was not a public place within the fair meaning of the ordinance. The language of the applicable ordinance was not included in the decision, and it is unclear whether the ordinance specified that the reveling occur in public. The court did not consider the constitutionality of the ordinance but merely determined whether the police station cell was a public place such that it would justify charging a boisterous prisoner with reveling.
To the extent that the conduct charged occurred in defendant's own home and disturbed no one outside the home, the instant case is one of first impression. Defendant is charged with having a temper tantrum, albeit violent, in his own home. This court finds that when applied to private annoyances, however turbulent, the statute fails to set forth explicit standards to guide the police and the courts to avoid the threat of arbitrary and discriminatory enforcement. It inhibits the exercise of basic freedoms. See State v. Authelet, 120 R.I. at 45.
Tumultuous behavior includes conduct which is full of commotion and uproar, riotous, stormy or boisterous. See Commonwealth v. Zettel,46 Mass. App. Ct. 471. In the context of public behavior, a disorderly conduct statute provides adequate warning to a person of ordinary intelligence that tumultuous conduct is illegal. However, in the context of private behavior within one's own home, the warning is less than adequate. It is conceivable that some behavior will be charged as criminal while similar conduct will be excused as the result of a bad day at work or at school.
The Family Court was created to deal with all facets of family life. To the extent that the disorderly conduct statute criminalizes noisy and boisterous behavior in the home, it invites the state to intrude into domestic matters beyond that which may be necessary for the protection of the safety of family members. There is no question but that domestic violence is a serious problem in Rhode Island, almost at epidemic proportions. However, some domestic disputes fall outside the realm of criminal conduct. Those acts which occur at home and do not injure or threaten the safety of family members ought not to be prosecuted criminally as breaches of the peace.
The court finds that 11-45-1(a)(1) is capable of an overbroad interpretation and would, without limitation, be unconstitutional. As it relates to conduct committed by a person in his or her private residence which disturbs no one outside the home, it fails to set forth sufficient standards to guide law enforcement officers and the court to avoid arbitrary and discriminatory enforcement.
When a statute is challenged on constitutional grounds, the court should construe the statute, if reasonably possible, to uphold its constitutionality. State v. Authelet, 120 R.I. at 51. This statute can and shall be reasonably construed to apply only to conduct which occurs outside the person's private residence which he or she has a right to occupy or which disturbs one or more persons outside the home.
 III. Conclusion
Having construed 11-45-1(a)(1) to preserve its constitutionality, the court grants defendant's motion to dismiss. The conduct complained of allegedly occurred within the defendant's private residence which he had a right to occupy and disturbed no one outside the home. Counsel shall submit an appropriate order for entry by the court after notice.