January 29, 2019

**Supreme Court**

No. 2018-18-Appeal.
(PC 17-1029)

Bayview Loan Servicing, LLC          :

v.          :

Providence Business Loan Fund, Inc., f/k/a          :
   Providence Economic Development
      Corporation, et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Bayview Loan Servicing, LLC          :

v.                                   :

Providence Business Loan Fund, Inc., f/k/a  :
    Providence Economic Development
      Corporation, et al.

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.**   This case involves a question of statutory interpretation of the ancient mortgages statute, G.L. 1956 § 34-26-7.  The defendant, Providence Business Loan Fund, Inc. (PBLF or defendant), appeals from a Superior Court judgment in favor of the plaintiff, Bayview Loan Servicing, LLC (Bayview or plaintiff), following the grant of the plaintiff's motion for summary judgment.  The defendant argues that the hearing justice erred in granting the plaintiff's motion for summary judgment because, by statute, the defendant holds a valid mortgage on the property on which the defendant commenced foreclosure proceedings. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.   After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

On June 2, 1992, Norris Waldron (Waldron) granted a mortgage to PBLF, which was at that time known as "Providence Economic Development Corporation," with respect to certain real property located in Providence (the property), as security for a loan in the amount of $70,660 (the 1992 mortgage). The 1992 mortgage stated a term of ten years, but it did not specify a maturity date; it was recorded in the Providence land evidence records at Book 2568, Page 50, on June 3, 1992. On December 20, 1996, Waldron entered into a "Modification Agreement" with defendant to reduce the amount of debt to $44,061.75, to be repaid over a period of 108 months, beginning on January 1, 1997 (the modification agreement). The modification agreement was not recorded. On the same day, Waldron and defendant also executed an amendment to the 1992 mortgage (the 1997 amendment), which was recorded on January 3, 1997, in the Providence land evidence records. The 1997 amendment states, in relevant part, that the 1992 mortgage "has been modified, with the consent of mortgagor, by an agreement of even date herewith, to modify the terms and to extend the maturity date of said indebtedness to reduce the amount of the indebtedness which is secured by said mortgage to $44,061.75." On its face, the 1997 amendment failed to reflect the 108-month term listed in the modification agreement and it did not specify any other term or maturity date.

On January 23, 2004, Waldron conveyed the property to Jocelyn Waldron by quitclaim deed. On June 21, 2014, Jocelyn[1] granted a mortgage on the property to MERS, as nominee for Equity One, Inc., which was recorded in the Providence land evidence records. Three years later, Jocelyn paid off that debt using the proceeds of a loan from Global Equity Lending, Inc.,

---

[1] To avoid confusion, we refer to Jocelyn Waldron by her first name; no disrespect is intended.

which was secured by a mortgage on the property; that mortgage was assigned by Global Equity Lending, Inc. to plaintiff on June 19, 2007, and an assignment of the mortgage and security agreement was recorded in the Providence land evidence records.

Jocelyn later conveyed the property to Broad Street, LLC by warranty deed on October 29, 2014. On February 8, 2017, defendant gave notice to Broad Street, LLC of its commencement of foreclosure proceedings on the 1992 mortgage. On March 6, 2017, plaintiff, as a lienholder on the property, filed a complaint in Superior Court seeking a declaration that defendant's mortgage had been discharged under § 34-26-7, which provides for the expiration of certain mortgages after a stated number of years, and that, therefore, defendant had no right to foreclose on the property.[2]

On May 17, 2017, plaintiff filed a motion for summary judgment, arguing that the 1992 mortgage expired and was discharged by statute on June 3, 2007. The plaintiff further argued that, even if the 1997 amendment had properly extended the mortgage, it would have expired in 2011 and was therefore no longer enforceable under the statute. The defendant countered that, because the 1992 mortgage did not state a maturity date on its face, a thirty-five-year lien was created under the statute. Alternatively, defendant argued that the 1997 amendment was valid because it was recorded and, because the 1997 amendment failed to state a term or maturity date, the mortgage was valid for thirty-five years from the date of the 1997 amendment.

The hearing justice found the 1997 amendment to be a "non-compliant mortgage extension, which is ineffective under the statute," and thus she considered the 1992 mortgage to be the operative document. The hearing justice further found, after giving the words of the

_____

[2] The plaintiff also named Broad Street, LLC as a defendant in its action for declaratory judgment. The plaintiff filed an application for entry of default against Broad Street, LLC with the clerk of the Superior Court, and default was entered on May 31, 2018. Final judgment against Broad Street, LLC was entered on July 9, 2018.

statute their "plain and ordinary meaning," that defendant's mortgage had expired because the 1992 mortgage stated a term of ten years and, because the statute allows for exercise of the power of sale only five years following that term, the mortgage had expired in 2007. Accordingly, the hearing justice granted plaintiff's motion for summary judgment. The defendant filed a timely notice of appeal on October 24, 2017.

## II

## Standard of Review

"This Court reviews a hearing justice's grant of a motion for summary judgment *de novo*." *Pineda v. Chase Bank USA, N.A.*, 186 A.3d 1054, 1056 (R.I. 2018). "We will affirm a [trial] court's decision only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Cancel v. City of Providence*, 187 A.3d 347, 350 (R.I. 2018) (quoting *Newstone Development, LLC v. East Pacific, LLC*, 140 A.3d 100, 103 (R.I. 2016)). "Furthermore, the nonmoving party bears the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *Id.* (quoting *Newstone Development, LLC*, 140 A.3d at 103). "[S]ummary judgment should enter against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case * * *." *Id.* (quoting *Newstone Development, LLC*, 140 A.3d at 103). "Additionally, when presented with questions of statutory interpretation, this Court engages in a *de novo* review." *In re Tetreault*, 11 A.3d 635, 639 (R.I. 2011).

**III**

**Discussion**

The defendant contends that the hearing justice erred in granting plaintiff's motion for summary judgment because an issue of fact exists as to whether the 1992 mortgage has expired. Specifically, defendant argues that "the [1997 a]mendment is the only proper instrument to determine the validity of the 1992 [m]ortgage since it was recorded prior to the expiration of the 1992 [m]ortgage and it created an extension of thirty-five (35) years." Moreover, defendant contends that, at a minimum, the mortgage is valid for thirty-five years from June 3, 1992, pursuant to the statute, and that, more likely, the 1997 amendment created a thirty-five-year period of validity beginning on January 3, 1997. The defendant asserts that, by either interpretation, defendant's mortgage on the property remains currently valid. On the other hand, plaintiff maintains that the 1992 mortgage has expired under the statute, and that, even if the 1997 amendment were valid, it would not extend the original mortgage thirty-five years from the date of recording.

Pursuant to § 34-26-7, a mortgage will be treated as discharged upon the expiration of a stated number of years, depending on the terms contained on the face of the mortgage. Section 34-26-7 provides:

> "On and after January 1, 1989, no power of sale in any mortgage of real estate, except mortgages made by public utilities and non-amortizing mortgages made by Rhode Island housing and mortgage finance corporation now or hereafter of record, shall be exercised and no entry shall be made, nor possession taken, nor proceeding begun for foreclosure of any such mortgage after the expiration of a period which shall be thirty-five (35) years from the date of recording of the mortgage, or in the case of a mortgage in which the term or maturity date is stated, five (5) years from the expiration of the term or maturity date, unless an extension of the mortgage, or an acknowledgment by affidavit of the mortgagee that the mortgage is not satisfied, is recorded before the expiration

of the applicable time period. In case an extension of the mortgage or such an acknowledgment by affidavit is so recorded, the period shall continue until five (5) years shall have elapsed during which there is not recorded any further extension of the mortgage nor acknowledgment nor affidavit that the mortgage is not satisfied. The period shall not be extended by nonresidence nor disability of any person interested in the mortgage or the real estate, or by any partial payment, agreement, extension, acknowledgment, affidavit, or other action not meeting the requirements of this section. All extensions, agreements, affidavits and acknowledgments shall be indexed in the land evidence records under the name of the present landowner. Upon the expiration of the applicable period provided herein, the mortgage shall be treated for title purposes as if it had been properly discharged by the record holder thereof."

## A

### The 1992 Mortgage

First, we turn to the period of validity for the 1992 mortgage. It is well settled that "[w]hen the statutory language is clear and unambiguous, we give the words their plain and ordinary meaning." *Rein v. ESS Group, Inc.*, 184 A.3d 695, 702 (R.I. 2018) (quoting *Western Reserve Life Assurance Co. of Ohio v. ADM Associates, LLC*, 116 A.3d 794, 798 (R.I. 2015)). Moreover, this Court has held that "[t]he words 'or' and 'and' are not the equivalent of each other and should not be considered as interchangeable unless reasonably necessary in order to give effect to the intention of the enacting body." *Earle v. Zoning Board of Review of City of Warwick*, 96 R.I. 321, 324, 191 A.2d 161, 163 (1963). Section 34-26-7 states that foreclosure proceedings may not be brought "after the expiration of a period which shall be thirty-five (35) years from the date of recording of the mortgage, or in the case of a mortgage in which the term *or* maturity date is stated, five (5) years from the expiration of the term or maturity date * * *." (Emphasis added.) The plain language of the statute requires that either a term *or* maturity date be stated in order to avoid the thirty-five-year validity period, not both. Section 34-26-7. Here, the 1992 mortgage stated a term of ten years, with no maturity date. Thus, based on a reading of

the plain language of § 34-26-7, the period of validity for the 1992 mortgage ran for the ten-year term, plus five years following expiration of that term—that is, fifteen years from June 3, 1992.[3]

## B

## The 1997 Amendment

We next must determine the consequence of the 1997 amendment. In her decision, the hearing justice found the 1997 amendment to be ineffective. The hearing justice stated: "In order to extend the mortgage, all extensions must be recorded * * * in the land evidence records." She further reasoned that, "while [the] amended mortgage was recorded, and it certainly referenced an agreement that was not [recorded], the failure to record the complete terms of the extension in my mind does in fact make that extension invalid."

It is undisputed that the modification agreement—the only document stating the duration of the extension—was not recorded. Significantly, § 34-26-7 provides that "[t]he period [in which a power of sale may be exercised] shall not be extended by nonresidence nor disability of any person interested in the mortgage or the real estate, or by any partial payment, agreement, extension, acknowledgement, affidavit, or other action not meeting the requirements of this section." Clearly, one of the requirements of the statute is that "[a]ll extensions, agreements, affidavits and acknowledgements shall be indexed in the land evidence records under the name of the present landowner." Section 34-26-7. We have no doubt that the purpose of this latter provision is to "enable a title examiner to rely entirely on the record in determining whether an unreleased mortgage is still valid." 1 Real Estate Finance Law § 6:14 (6th ed. 2014). Thus, we

---

[3] We note that in its prebriefing statement, defendant argued that "[t]he lack of maturity date supports a thirty-five (35) year period of validity from June 3, 1992 * * *." However, at oral argument, defendant changed course, representing to the Court that the 1992 mortgage was valid for only fifteen years under the statute, given that the 1992 mortgage specified a ten-year term.

- 7 -

agree with the hearing justice that the 1997 amendment failed to extend the term of the 1992 mortgage for the purposes set forth in § 34-26-7.[4]

The defendant next argues that the 1997 amendment extended the mortgage validity period by thirty-five years because, although the 1997 amendment referred to an extended maturity date, the document, on its face, did not contain a term of years or maturity date. This would be true if the parties had discharged the 1992 mortgage and recorded a new mortgage in 1997. Here, however, the clear, unequivocal language of the 1997 amendment tolerates no cause for ambiguity. The parties did not execute a new mortgage; rather, they recorded an amendment to the 1992 mortgage. The instrument itself is entitled "Amendment of Mortgage Recorded in Book 2568 at Page 050." Significantly, the 1997 amendment provides that "mortgagor hereby agrees that the mortgage dated June 2, 1992 and recorded in the Records of Land Evidence of the City of Providence in Book 2568 at page 050 is hereby modified * * *."[5]

---

[4] As a result, the 108-month term listed in the unrecorded modification agreement is of no consequence to our analysis.

[5] The substance of the 1997 amendment reads, in full:

> "Norris Waldron (hereinafter referred to as Mortgagor) on June 2, 1992 executed a mortgage to Providence Economic Development Corporation to secure Mortgagor's Promissory Note in the original amount of $71,660.00. The indebtedness secured by said mortgage has been modified, with the consent of mortgagor, by an agreement of even date herewith, to modify the terms and to extend the maturity date of said indebtedness to reduce the amount of the indebtedness which is secured by said mortgage to $44,061.75.
>
> "For valuable consideration, mortgagor hereby agrees that the mortgage dated June 2, 1992 and recorded in the Records of Land Evidence of the City of Providence in Book 2568 at page 050 is hereby modified as provided in said agreement and all other obligations secured by said mortgage, with all amendments to date, are hereby ratified, confirmed and approved."

The fact that the 1997 amendment also referenced the unrecorded modification agreement and stated that the purpose of the modification agreement was "to extend the maturity date of [the] indebtedness" is of no moment. As we explained *supra*, the purported extension of the mortgage set forth in the modification agreement was ineffective to extend the life of the 1992 mortgage because the modification agreement was not recorded in the land evidence records and therefore did not meet the requirements of § 34-26-7. We thus conclude that the mortgage at issue was valid under the provisions of § 34-26-7 for the ten-year term specified in the 1992 mortgage, plus an additional five years as provided in § 34-26-7. Accordingly, we are of the opinion that the mortgage granted to the defendant was discharged by operation of the ancient mortgages statute well before the commencement of foreclosure proceedings in 2017, and therefore summary judgment in favor of the plaintiff was appropriate.

## IV

## Conclusion

For the reasons set forth above, we affirm the judgment of the Superior Court. The record shall be returned to that tribunal.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Bayview Loan Servicing, LLC v. Providence Business Loan Fund, Inc., f/k/a Providence Economic Development Corporation, et al. |
| **Case Number** | No. 2018-18-Appeal. (PC 17-1029) |
| **Date Opinion Filed** | January 29, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Maureen B. Keough |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Brittanee N. Bland, Esq.<br>Thomas C. Plunkett, Esq. |
| | For Defendant:<br><br>Stephen A. Izzi, Esq.<br>Tenessa H. Azar, Esq. |

SU-CMS-02A (revised June 2016)