# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 2000-CA-00028-SCT

*ROY DONALD DUNCAN*

*v.*

*HELEN LYNN DUNCAN*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/22/1999 |
| TRIAL JUDGE: | HON. WILLIAM H. MYERS |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | JOSEPH R. MEADOWS |
| | KAREN J. YOUNG |
| ATTORNEY FOR APPELLEE: | WILLIAM T. REED |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND REMANDED - 12/21/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 1/11/2001 |

**BEFORE PRATHER, C.J., McRAE AND WALLER, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

### INTRODUCTION

¶1. Counsel for Roy Donald Duncan failed to file timely the appeal on the merits of this matter because he misinterpreted the signature date of the trial judge. The judge faxed the parties a copy of his judgment prior to its being entered with the clerk's office. Roy filed a M.R.A.P. 4 (h) motion for an out-of-time appeal and now appeals the chancellor's denial of the motion. Finding that the trial court erred in denying Roy's motion, we reverse and remand.

### STATEMENT OF THE CASE AND FACTS

¶2. After the divorce action of Roy Donald Duncan and Helen Lynn Duncan was tried before the Jackson County Chancery Court, the court entered its findings of fact and conclusions of law on June 4, 1999. Roy filed a motion to reconsider on June 11. A judgment of divorce, incorporating the findings of fact and conclusions of law, was signed by the chancellor on June 21. The judgment and the court's order denying Roy's motion to reconsider were filed with the clerk of the court on July 20. On that same date, the chancellor faxed a copy of the judgment to Roy's counsel, Joseph R. Meadows.[1] Meadows claimed that he was out of town when the fax arrived and did not see it until his return on July 26. On that date he

reviewed the faxed document and interpreted the date of entry to be July 26 instead of July 20. Meadows, planning to appeal the judgment of divorce, calculated the thirty days for filing an appeal from and after July 26. Based on Meadows's erroneous determination of the judgment's entry date, the notice of appeal was filed on August 24, five days late.

¶3. On October 1, 1999, Helen filed a motion with this Court to dismiss Roy's untimely appeal. On November 10, the motion was granted. *Duncan v. Duncan,* No.1999-TS-01424 (Miss. Nov. 10, 1999). On October 6, Roy filed a re-notice of appeal in the chancery court, claiming he did not receive notice of the entry of the final judgment until October 2. He also filed a motion for an out-of-time appeal. On November 22, the chancery court denied the motion. Roy then appealed to this Court.

## STANDARD OF REVIEW

¶4. A chancellor's findings of fact will not be disturbed unless manifestly wrong or clearly erroneous. *Consolidated Pipe & Supply Co. v. Colter,* 735 So. 2d 958, 961 (Miss. 1999). "This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was applied." *Kilpatrick v. Kilpatrick,* 732 So. 2d 876, 880 (Miss. 1999) (citations omitted). "Under the standard of review utilized to review a chancery court's findings of fact, particularly in the areas of divorce, alimony and child support, this Court will not overturn the court on appeal unless its findings were manifestly wrong." *Id.* (citations omitted). For questions of law, our standard of review is de novo. *Consolidated Pipe,* 735 So. 2d at 961.

## ANALYSIS

### I. DID THE TRIAL COURT ERR IN DENYING APPELLANT ROY DUNCAN'S MOTION TO EXPAND TIME FOR APPEAL?

¶5. We first address the question of whether Roy received sufficient notice of the entry of the judgment.[(2)] Roy cites to M.R.C.P. 77(d) which requires that, immediately upon entry of an order or judgment, the clerk shall serve a notice of the entry to the parties. In addition to the clerk's notice, a party may serve notice on the other party. Roy argues that the faxed copy of the judgment from the chancellor was insufficient notice because it was not notice from the clerk or the other party and that the thirty day period for making an appeal was therefore not triggered. However, M.R.C.P. 77(d) further states that lack of notice by the clerk neither affects the time for appeal nor relieves a party for failure to appeal within the time allowed, except as permitted by the Rules of Appellate Procedure. Thus the fact that notice of the judgment came from the judge instead of the clerk or a party becomes relevant only in Roy's argument under M.R.A.P. 4(h).[(3)]

*Reopening time for appeal under M.R.A.P. 4(h)*

¶6. The official comment to M.R.A.P. 4(h) provides a limited opportunity for relief, independent of and in addition to that available under M.R.A.P. 4(g), in circumstances where the notice of entry of judgment or order, required to be mailed by the clerk of the trial court pursuant to Rule 77(d) of the Mississippi Rules of Civil Procedure, is either not received by the party or is received so late as to impair the opportunity to file a timely notice of appeal. Roy argues that his counsel did not receive notice as set forth in M.R.C.P. 77(d), until October 2, 1999, when notice was given of Helen's motion to docket and dismiss filed with this Court. By filing his motion for out-of-time appeal on October 6, Roy claims that he complied with M.R.A.P. 4(h),

in that he filed within 7 days of receiving notice of the July 20, 1999, entry of judgment.

¶7. A close reading of M.R.A.P. 4(h) reveals that two requirements must be met before the time for appeal may be reopened: (1) that a party entitled to receive notice fails to receive such notice from the *clerk* or *any party* within 21 days of its entry; and (2) that no party would be prejudiced, with prejudice defined as some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal. Once these are established, a motion must be filed within 180 days of entry of the judgment or within 7 days of receipt of such notice, whichever is earlier.

¶8. The first notice that Roy received that a final judgment had been entered, as contemplated by M.R.A.P. 4(h), occurred on or about October 1, 1999, when Helen filed a motion to dismiss with this Court. On October 6, 1999, Roy timely and within the 7 days as prescribed in M.R.A.P. 4(h), filed his motion to reopen time for appeal. In limiting this decision to the facts before us and taking the rule as written, while also noting the absence of any argument by Helen that she is in any way prejudiced, we find that the trial court erred in failing to grant Roy's motion to reopen time for appeal.

<u>**CONCLUSION**</u>

¶9. Based on the foregoing analysis, we find that the Jackson County Chancery Court erred when it denied Roy Donald Duncan's motion for out-of-time appeal. Therefore, we reverse the order of the Jackson County Chancery Court denying Roy Donald Duncan's motion for out-of-time appeal, and we remand this case to that court with directions that it promptly enter an order pursuant to M.R.A.P. 4(h) granting Roy Donald Duncan's motion and allowing him 14 days from the date of entry of that order to take an out-of-time appeal.

¶10. **REVERSED AND REMANDED.**

**PRATHER, C.J., PITTMAN AND BANKS, P. JJ., McRAE, SMITH, MILLS, COBB AND DIAZ, JJ., CONCUR.**

1. Apparently, the chancellor faxed a copy of the judgment before it was filed and docketed by the chancery clerk because Meadows's copy of the judgment was not stamped with a filing date.

2. Although Roy raises other issues in his brief to this Court, this matter is properly disposed of by addressing his argument pertaining to M.R.A.P. 4(h).

3. Rule 4(h) of the Mississippi Rules of Appellate Procedure states:

> Reopening Time for Appeal. The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.