852 So.2d 686 (2003)
Julia Lynn Gates HOROWITZ, Appellant,
v.
James Winfred PARKER, Jr., Appellee.
No. 2002-CA-00306-COA.
Court of Appeals of Mississippi.
August 12, 2003.
*687 Eduardo Alberto Flechas, James D. Bell, Madison, attorneys for appellant.
Stanley Frank Stater, attorney for appellee.
Before McMILLIN, C.J., LEE and IRVING, JJ.
IRVING, J., for the Court.
¶ 1. James Winfred Parker, Jr. filed, in the Chancery Court of Madison County, a motion against Julia Lynn Gates Horowitz, his former wife, seeking specific visitation rights with the parties' minor children. Sometime after a hearing on the motion, an order granting the requested relief was entered by the chancery court. However, neither party was informed of the court order until forty-nine days after its entry. On the day following receipt of notice of the order, Julia filed a motion seeking to reopen or extend the time for taking an appeal. The chancellor denied the motion, and Julia has prosecuted this appeal.

FACTS
¶ 2. The proceedings occurring prior to the entry of the order are not relevant to the resolution of the issue before us; therefore, we omit a discussion of them and move directly to the reason offered by the chancellor for denying Julia permission to file an out-of-time appeal. The chancellor's explanation was this:
Rule 4(h) is a two-prong test to consider whether or not a motion for authority to reopen is to be granted, one of which is that either of the parties had not received notice from the clerk; the second part of which is that no party would be prejudiced by such request. In light of the fact that the movant has had sufficient notice of the entry of the court's order to comply with the court's order irrespective of any other legal strategies they plan to undertake, I think there has been an ongoing obligation to be in compliance with the court's order until such time as the parties have been relieved from the duties of that order.
I believe any additional time afforded this petitioner in taking any steps that they believe are necessary to accomplish whatever their ends are at this juncture does operate to the prejudice of Mr. Parker; therefore, the motion for extension of time to file any appeal or to reopen time to file an appeal is hereby denied.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 3. Julia argues that the chancery court erred by denying her motion to reopen since (1) it is undisputed that neither party *688 received notice of the entry of the order until after the thirty-day appeal period had expired, and (2) she promptly filed her motion to reopen after receiving notice that the order had been entered. Accordingly, Julia argues, the chancellor should have permitted the appeal pursuant to Rule 4(h) of the Mississippi Rules of Appellate Procedure. On the other hand, Parker responds that the chancery court was justified in denying Julia's motion because during the interim period of time, Julia refused to comply with the terms and conditions of the order after belatedly receiving notice of it. He says this caused him to suffer prejudice of sufficient magnitude so as to justify the chancellor's refusal to allow Julia's appeal. Additionally, Parker argues that although Horowitz timely filed a motion for permission to file an out-of-time appeal, she made no attempt for approximately three months to bring the motion on for hearing.
¶ 4. Rule 4(h) (Reopening Time for Appeal) of the Mississippi Rules of Appellate Procedure reads as follows:
The trial court, if it finds (a) that a party entitled to notice of the entry of judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
M.R.A.P. 4(h).
¶ 5. The chancery court, on August 15, 2001, entered the order from which an appeal was sought. It is undisputed that notice of the entry of the order was not received by either party to this dispute until October 3, 2001. Within a day after learning that the chancellor had entered the order, Horowitz filed a motion to reopen the time for appeal. Her filing was well within the seven days specified in the rule. Therefore, Horowitz clearly satisfies the first of the two prongs of the rule.
¶ 6. The second prong of the rule that must be satisfied is that no party would be prejudiced by the court's granting the reopening of time for appeal. As already discussed, the chancellor found that Horowitz's non-compliance with the terms and conditions of the August 15, 2001 order relative to Parker's visitation rights was a sufficient basis to find prejudice to Parker, thereby providing adequate justification for denying the motion. We disagree.
¶ 7. According to the Rule's comments:
"Prejudice" means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal. Prejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal.
¶ 8. In Duncan v. Duncan, 774 So.2d 418 (Miss.2000), our supreme court, in discussing the provisions of Rule 4, reversed and remanded a chancellor's denial of a movant's timely-filed motion. The court held that "[i]n limiting this decision to the facts before us and taking the rule as written, while also noting the absence of any argument by Helen that she is in any way prejudiced, we find that the trial court erred in failing to grant [the] motion to reopen time for appeal." Id. at 420(¶ 8).
¶ 9. We find that the chancery court erred when it denied Horowitz's motion to reopen the time for taking an appeal. The justification for denying the motion amounts to a retaliatory gesture by the court because of Horowitz's alleged noncompliance *689 with the court's August 15, 2001 order. This exercise of discretion on the part of the court is at odds with the statute's contemplation of "prejudice." Punishment of Horowitz's non-compliance can be and should be addressed through a motion for citation of contempt.[1]
¶ 10. We find that the chancellor abused her discretion in denying Horowitz's motion to reopen the time for taking an appeal. Therefore, we reverse and remand the case to the chancery court with directions to enter an order allowing Horowitz fourteen days, from the date of the order to be entered, to file a notice of appeal, appealing the court's August 15, 2001 order.
¶ 11. In light of our resolution of the issue regarding the refusal of the chancery court to reopen the time to permit the appeal, it is not necessary for us to address whether the chancery court also erred in not permitting an extension of time to file the appeal. On a final matter, we note that Parker filed a motion to strike section two of Horowitz's appellate brief. Our resolution of the issue presented by this case is not dependant on anything contained in that section of Horowitz's brief. Consequently, we overrule the motion to strike as moot.
¶ 12. THE JUDGMENT OF THE MADISON COUNTY CHANCERY COURT IS REVERSED AND REMANDED. THE COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND GRIFFIS, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.
NOTES
[1] In this regard, we note that the record reveals that Parker filed a motion on November 19, 2001, for contempt against Horowitz for her alleged failure to comply with the August 15, 2001 court order which provided Parker with specific visitation rights. Horowitz subsequently filed a motion for contempt against Parker on December 7, 2001, for his alleged refusal and/or failure to pay the required amount of child support and maintain health insurance for their children. The hearing for these motions was continued several times, and the motions were eventually set to be heard on November 6, 2002. Nothing in the record indicates whether the motions were heard on this date, but neither is relevant to our disposition to this case.