IRVING, J.,
for the Court.
¶ 1. Jerry Ladner appeals from an adverse judgment of the Chancery Court of Hancock County whereby the court held that its prior preliminary injunction should remain in full force and effect until such time as Ladner complies with the Hancock County Zoning Ordinance and Floodplain Management Regulations. Feeling aggrieved by this decision, Ladner files this appeal and asserts the following issue: whether the chancery court erred in finding that Hancock County, pursuant to Mississippi Code Annotated § 17-1-3, as amended, is empowered to promulgate regulations as to require Ladner to obtain a permit before constructing a residence on his property located within the unincorporated portion of the county and zoned as A-l, agricultural.
¶ 2. Ascertaining no reversible error, we affirm.
FACTS
¶ 3. On January 6, 1997, Hancock County (County) adopted a zoning ordinance which set forth the requirements necessary to initiate building construction in Hancock County. Moreover, the County had previously adopted several floodplain management regulations which required prospective builders to acquire an elevation certificate, if their property was located in a flood zone, in order to obtain a floodplain development permit. Once these requirements were met, the County would issue the builder a certificate of *901 compliance which permitted that person to start construction on a dwelling within the county.
¶ 4. In August of 2002, Ladner initiated construction of a residence on a previously undeveloped twenty-five acre parcel of land on Lower Bay Road in the unincorporated parts of Hancock County, Mississippi. This parcel of land was zoned A-l, agricultural, at the time of Ladner’s construction. Prior to commencing his building activities, Ladner did not obtain any certificates or permits from the County. The County attempted to bring Ladner into compliance with its ordinance and regulations by posting four stop-work orders on his property; however, these attempts failed, as Ladner continued constructing his residence without any certificates or permits.
¶ 5. On October 1, 2002, the County filed a complaint for injunctive relief in the Chancery Court of Hancock County against Jerry Ladner and requested that a preliminary injunction be entered to enjoin Ladner from constructing the residence without first obtaining the appropriate permits. Ladner filed an answer and counterclaim in which he alleged that he should be entitled to a jury trial on the issues, that he had been deprived of his federal and state constitutional rights regarding the enjoyment of his property without governmental interference, and that the County and its agents had trespassed on his property. The County then filed its answer to Ladner’s counterclaim.
¶ 6. After a hearing was conducted on the matter, the chancery court issued a judgment ordering that a preliminary injunction be issued to enjoin Ladner from continuing his construction of the residence on the property in question until such time that he obtained all necessary certificates and permits. In its order, the court gave Ladner until January 15, 2003, to completely comply with the injunction. It further denied Ladner’s motion to transfer, his request for a jury trial, and any and all relief requested for alleged violations of his federal and state constitutional rights and for the alleged trespassing by the County.
¶ 7. On January 22, 2003, the County filed a motion for contempt and request to show cause against Ladner, alleging that he had failed and refused to comply with the court’s January 6, 2003 judgment.
¶ 8. On February 3, 2003, Ladner filed the following pleadings after retaining counsel: motion for leave of court to amend answer and affirmative defenses and amended answer to the complaint for injunctive relief; answer and motion to dismiss motion for contempt and request to show cause; motion to dissolve, motion for trial date, and motion for hearing on the merits; and motion to dismiss the complaint for injunctive relief. The parties subsequently entered into an agreed judgment temporarily resolving the issues in dispute in those pending motions, and Hancock County’s motion for contempt and request to show cause against Ladner was voluntarily dismissed without prejudice.
On March 26, 2003, a trial on the merits was held. The chancery court issued a judgment on June 6, 2003, finding that the plain language of Mississippi Code Annotated section 17-1-3 (Rev.2003) makes it clear and unambiguous that Hancock County may require building permits for the construction of residences. Accordingly, the chancery court held that its prior preliminary injunction should remain in full force and effect until such time as Ladner complies with the Hancock County Zoning Ordinance and Flood plain Management Regulations.
*902 ¶ 9. Ladner later filed a motion to reconsider; however, the chancery court issued an order denying his motion after it conducted a hearing on the matter. From this order, Ladner filed a timely appeal.
STANDARD OF REVIEW
¶ 10. This Court will not disturb a chancellor’s findings of fact when those findings are supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was applied. Duncan v. Duncan, 774 So.2d 418, 419(¶ 4) (Miss.2000). However, for questions of law, our standard of review is de novo. Id. This Court’s review of a trial court’s interpretation of a statute presents a question of law; we therefore review this question of law de novo. 32 Pit Bulldogs and Other Property v. County of Prentiss, 808 So.2d 971(¶ 8) (Miss.2002).
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 11. Ladner argues that Mississippi Code Annotated section 17-1-3 creates an exception to Hancock. County’s authority to promulgate building and zoning regulations. He explains that this statutory exemption exempts him from having to obtain a building permit to construct a residence on property zoned A-l, agricultural, because he plans to use the residence as a part of -the agricultural purposes of the property. The County counters that the chancery court used the correct legal standard in interpreting section 17-1-3 and correctly concluded that Ladner is required to comply with the County’s regulations in order to construct his residence in Hancock County. The County concludes that the chancery court’s decision is based upon the substantial evidence contained in the record.
¶ 12. Mississippi Code Annotated section 17-1-3 states:
Except as otherwise provided in Article VII of the Chickasaw Trail Economic Development Compact described in Section 57-36-1, for the purpose of promoting health, safety, morals, or the general welfare of the community, the governing authority of any municipality, and, with respect to the unincorporated part of .any county, the governing authority of any county, in its discretion, are empowered to regulate the height, number of stories and size of building and other structures, the percentage of lot that may be occupied, the size of the yards, courts and other open spaces, the density of population, and the location and use of buildings, structures and land for trade, industry, residence or other purposes, but no permits shall be required with reference to land used for agricultural purposes, including forestry activities as defined in Section 95 — 3—29(2)(c), or for the erection, maintenance, repair or extension of farm buildings or farm structures, including forestry buildings and structures, outside the corporate limits of municipalities.
Miss.Code Ann. § 17-1-3 (Rev.2003).
¶ 13. At issue here is whether the exemption within the statute pertains to a residence built on property which is located within an unincorporated part of the county and zoned as A-l agricultural. To address this issue, we must first interpret the language of section 17-1-3 and then determine, based upon our interpretation, whether the construction activities by Lad-ner may be regulated by Hancock County.
¶ 14. The primary rule of construction is to ascertain the intent of the legislature from the statute as a whole and from the language used therein. Where the statute is plain and unambiguous there is no room for construction, but *903 where it is ambiguous the court, in determining the legislative intent, may look not only to the language used but also to its historical background, its subject matter, and the purposes and objects to be accomplished.
32 Pit Bulldogs, 808 So.2d at 973-74(¶ 10).
¶ 15. We first note that the language of the statute clearly indicates that a county may require building permits for the construction of “buildings ... for ... residence.” In plain language, a building for residence means a home or dwelling inhabited by people. Moreover, the statute does not qualify the County’s ability to regulate the construction of a building of residence with regard to the particular zoning classification of the land upon which the residence is to be constructed. We further note that while the language of the statute specifically lists a residence as a structure within the regulatory powers of the county, there is no reference to a residence within the language of the exception to that authority. Based upon our reading and interpretation of section 17-1-3, we find that a county has the authority to regulate the construction of a building of residence within the unincorporated part of the county, notwithstanding the zoning classification of the land upon which the residence is to be constructed.
¶ 16. Ladner further contends that the ruling of the chancery court amounts to an “unofficial reclassification” of the subject property. We find no merit in this argument. Here, there is no “unofficial classification” by the chancery court’s judgment, as the statute empowers Hancock County to regulate a building of residence within the incorporated parts of that county irrespective to the land’s classification.
¶ 17. Ladner finally argues that the court should rely on authorities from other jurisdictions in its interpretation of section 17-1-3. We also find no merit m this contention. As we stated earlier, the language of the statute is plain and unambiguous; therefore, it is not necessary to look beyond the wording of the statute itself to determine the meaning of its language.
¶ 18. Following the strict language of the statute, we affirm the judgment of the chancery court.
¶ 19. THE JUDGMENT OF THE CHANCERY COURT OF HANCOCK COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.