23 So.3d 528 (2009)
MISSISSIPPI PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Appellant,
v.
Albert "Butch" LEE, Appellee.
No. 2008-SA-00627-COA.
Court of Appeals of Mississippi.
May 26, 2009.
Rehearing Denied October 6, 2009.
Certiorari Denied December 17, 2009.
*529 Mary Margaret Bowers, attorney for appellant.
Mark C. Baker, attorney for appellee.
Before KING, C.J., ROBERTS and CARLTON, JJ.
*530 CARLTON, J., for the Court.
¶ 1. This appeal involves the denial of a motion for an out-of-time appeal filed by the Public Employees' Retirement System of Mississippi (PERS) in the Circuit Court of Hinds County, Mississippi. Finding that the circuit court abused its discretion by denying the motion, we reverse the circuit court's judgment and remand this case for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY
¶ 2. This appeal turns upon the application of procedural rules and pleadings, rather than upon the underlying merits of the factual claim. Nevertheless, a brief factual recitation is contextually helpful. Albert "Butch" Lee injured his back on November 8, 2004, when he attempted to lift a training dummy at the State Fire Academy, where he worked as an instructor/supervisor. The record reflects no dispute that Lee suffered a permanent disability rendering him unable to continue working in this capacity. Rather, the issue presented on the underlying merits concerns solely whether this injury resulted from an on-the-job traumatic injury or if the injury was related to a pre-existing condition. The parties agree that Lee's monthly benefits are not affected by the classification; however, Lee argues that the classification of pre-existing condition results in negative tax liability ramifications.
¶ 3. After the injury at the State Fire Academy, Lee sought a disability determination. Ultimately, PERS determined that the injury was the result of a pre-existing condition. PERS Disability Appeal Committee relied upon medical evidence, including that of Lee's treating physician to find that Lee suffered from back pain for approximately ten years prior to the injury at the State Fire Academy. The documentation he submitted indicated that he had been diagnosed with a congenital spinal condition.
¶ 4. Lee appealed to the Circuit Court of Hinds County, which heard oral argument. Lee's counsel submitted a proposed order to the circuit court, with a copy to PERS. The trial judge signed the order on June 29, 2007, and the order was entered on July 2, 2007. The record reflects that the first notice PERS actually received that the circuit court had entered the adverse opinion and order was a telephone call from Lee's counsel to PERS's counsel on August 30, 2007. By then, the time for filing a notice to appeal had already expired. PERS filed a motion for leave to file an out-of-time appeal on September 5, 2007. The motion was denied on November 21, 2007. PERS filed a motion for reconsideration of the denial on December 3, 2007, and this was denied as well.

DISCUSSION
¶ 5. The decision of whether to grant leave for an out-of-time appeal is discretionary, and it is subject to the provisions of Mississippi Rule of Appellate Procedure 4(h), which provides:
The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
(Emphasis added). "While the party seeking relief under Rule 4(h) bears the burden of persuading the trial court of lack of *531 timely notice, a specific factual denial of receipt of notice rebuts and terminates the presumption that mailed notice was received." M.R.A.P. 4(h) cmt. Once the presumption of notice is rebutted, a trial court must address the issue of prejudice. Pre-Paid Legal Servs., Inc. v. Anderson, 873 So.2d 1008, 1009-10 (¶¶ 7-9) (Miss. 2004).
¶ 6. In Horowitz v. Parker, 852 So.2d 686 (Miss.Ct.App.2003), this Court discussed the application of the second prong of Rule 4(h), i.e., whether prejudice would occur to either party if the time for appeal was reopened. In Horowitz, we found that prejudice must entail more than simply the chance of reversal and a subsequent loss of any benefit gained by virtue of the initial judgment. Id. at 688 (¶¶ 7-8) (citing M.R.A.P. 4(h) cmt.). "Prejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal." Id. at 688(¶ 7) (quoting M.R.A.P. 4(h) cmt.). Upon the backdrop of this examination of precedent and interpretations of M.R.A.P. 4(h) by the Mississippi Supreme Court and this Court, we must now examine the plain language of Rule 4(h).
¶ 7. The dissent states that "it is entirely plausible to me that the trial judge may have believed that PERS actually received notice of entry of the order within the twenty-one days of it being entered." With all due respect, the analysis of the dissent overlooks the supreme court's clear direction to the trial courts that a party's specific factual denial of receipt is sufficient to conclusively overcome any subjective reasoning by a trial judge or ambiguity in a record as to whether notice was actually received. Anderson, 873 So.2d at 1009 (¶¶ 6-7). Once the presumption of notice is rebutted, then controlling precedent and a plain reading of Rule 4(h) require the trial court to address the issue of prejudice. Id. The supreme court made clear that any prevailing party may protect itself from the possibility of an adverse party claiming lack of notice and, thereby, "insure the running of the clock by mailing notice of the entry of judgment themselves." Id. at 1010(¶ 8).
¶ 8. The dissent asserts that Rule 4(a)(6) of the Federal Rules of Appellate Procedure is identical to our Mississippi Rule of Appellate Procedure 4(h). However, we note that the Mississippi rule enjoys the guidance of an informative comment explaining the termination of the presumption of notice by a specific factual denial. The federal rule does not contain any comment. Even though left without the benefit of the instructive comment to the procedural rule, the federal courts nonetheless apply the plain language of the rule, which is the approach set forth in the comment to our Mississippi Rule of Appellate Procedure 4(h). See Nunley v. City of Los Angeles, 52 F.3d 792, 798 (9th Cir.1995).
¶ 9. The dissent argues that the majority emasculates the word "may" in its construction and interpretation of Rule 4(h).[1] However, be not afraid, the majority seeks not to emasculate the rule, but only to apply the plain and unambiguous language of the rule in the context as it is written. *532 The construction of the plain language of the rule, when read in the proper context and with its correct punctuation, reflects that the court "may" upon motion reopen the time for appeal if the two prongs are satisfied.[2]
¶ 10. In examining the law as it applies to the case before us, we note that the circuit court's order denying PERS's motion for leave to file an out-of-time appeal fails to make any findings of fact as to any prejudice that Lee might suffer. The standard of review in this situation is well known:
Where the trial court failed to make any specific findings of fact, this Court will assume that the issue was decided consistent with the judgment and these findings will not be disturbed on appeal unless manifestly wrong or clearly erroneous. The reviewing court must examine the entire record and must accept, "that evidence which supports or reasonably tends to support the findings of fact made below, together with all reasonable inferences which may be drawn therefrom and which favor the lower court's findings of fact." That there may be other evidence to the contrary is irrelevant.
Flowers v. State, 805 So.2d 654, 656(¶ 4) (Miss.Ct.App.2002) (quoting Par Indus., Inc. v. Target Container Co., 708 So.2d 44, 47(¶ 4) (Miss.1998)). Therefore, we must examine the record to see if any prejudice can be found that would support the circuit court's denial.
¶ 11. In the case before us, the record neither contains any evidence nor supports any inference that Lee would have suffered any prejudice from allowing an out-of-time appeal that would not have endured had the appeal been timely filed. While Lee might suffer some adverse tax consequence from the classification of his retirement benefits, he would have chanced this consequence in a timely filed appeal. Moreover, tax filings are subject to amendment. In sum, the record suggests nothing to show that Lee took any action in detrimental reliance upon the circuit court's judgment. Therefore, the record contains no credible evidence to support the trial judge's inherent finding of prejudice. In order to find prejudice, an evidentiary basis must exist to show some adverse consequence, other than the costs of having to oppose the appeal and encounter the risk of reversal inherent in every appeal. Horowitz, 852 So.2d 688 (¶¶ 7-8). See also Nunley, 52 F.3d at 795. Based on this record, we reverse the denial of the motion to reopen and remand this cause to the circuit court for further proceedings consistent with this opinion.
¶ 12. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., GRIFFIS, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE AND MYERS, P.JJ., AND BARNES, J.
*533 IRVING, J., Dissenting.
¶ 13. The majority finds that the circuit court abused its discretion in denying PERS's motion for an out-of-time appeal. While noting that the circuit court did not make any specific findings of facts as to prejudice, the majority finds that the record contains neither any credible evidence nor any inference to support the trial judge's inherent finding of prejudice. (Maj. opinion at (¶¶ 10-11)). Because of this lack of evidence to support a finding of prejudice, the majority concludes that the circuit court abused its discretion and reverses the trial judge's order denying PERS an out-of-time appeal. In my view, the majority errs. Therefore, I dissent.
¶ 14. For the reasons that I now explain, I would affirm the decision of the trial judge. I do not believe, as the majority apparently does, that Rule 4(h) of the Mississippi Rules of Appellate Procedure requires a trial judge to grant a party's motion to reopen the time for taking an appeal if the other party will not suffer any prejudice.[3] In other words, I believe the trial judge retains some discretion to deny the motion even if the requirement of "no prejudice" is established. The comment to the rule says as much:
While the trial court retains some discretion to refuse to reopen the time for appeal even when the requirements of Rule 4(h) are met, the concept of excusable neglect embodied in Rule 4(g) simply has no place in the application of Rule 4(h). See Avolio v. Suffolk, 29 F.3d 50, 53 (2d Cir.1994). "To hold otherwise would negate the addition of Rule 4[h], which provides an avenue of relief separate and apart from Rule 4[g]." Nunley v. City of Los Angeles, 52 F.3d 792, 797 (9th Cir.1995). Thus, "where non-receipt has been proven and no other party would be prejudiced, the denial of relief cannot rest on [a lack of excusable neglect, such as] a party's failure to learn independently of the entry of judgment during the thirty-day period for filing notices of appeal." Id. at 798.
M.R.A.P. 4(h) cmt.(emphasis added).
¶ 15. We cannot know on the current record why the trial judge denied PERS's motion for an out-of-time appeal, but imputing a requirement in the rule and then scouring the record for evidence of the imputed requirement is not a permissible option. Whether an out-of-time appeal should be granted is left to the sole discretion of the trial court. Fortunately or unfortunately, depending upon one's point of view, the rule only prescribes the threshold requirements or prerequisites for a judge's exercising of that discretion. In other words, if the nonmoving party will suffer prejudice, a trial judge has no discretion to exercise. The judge must deny the motion for an out-of-time appeal. The majority erroneously reads the rule as establishing the criteria for judging whether a trial judge has abused the discretion that is conditionally granted. In reading the rule this way, the majority not only emasculates the word "may" in the rule, it replaces it with "shall." The Mississippi Supreme Court has made clear that the term "may" is considered permissive or discretionary and that "shall" is considered *534 mandatory. Weiner v. Meredith, 943 So.2d 692, 695(¶ 11) (Miss.2006).
¶ 16. Since "may" and not "shall" is used in Rule 4(h), it is my view that the majority errs in reversing the trial judge for exercising the very discretion that he is permitted by the rule to exercise. In Avolio, 29 F.3d at 54, the Second Circuit Court of Appeals reversed the decision of the district court, which denied the plaintiffs' motion to reopen the time to file an appeal pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure, and remanded for further proceedings. Federal Rule 4(a)(6) is identical to our Rule 4(h). The Avolio court reversed because the district court improperly read into the rule a requirement that the moving party prove excusable neglect before being allowed to proceed with an out-of-time appeal. Id. at 52. But more importantly for our purposes, the Avolio court recognized that the rule does not prescribe the breadth of a trial judge's discretion:
We need not determine to what extent discretion may lie in the district court under this rule; we do determine, however, that a denial of relief may not be based on a concept of inexcusable neglect for not having learned of the entry of judgment. That concept has no place in the application of subdivision (6).
Id. at 54.
¶ 17. As stated, the trial judge did not provide his reason for denying PERS's motion. Therefore, it cannot be legitimately argued that the judge denied the motion because he found PERS's actions inexcusable in not discovering that the judgment had been entered. I quote the pertinent portion of the judge's order:
This cause having come by way of the Appellee's Motion for Leave to File an Out-of-Time Appeal and the Court having considered the Motion of the Appellee, the Reply of the Appellant and the Memoranda of Law supporting said pleadings, does hereby find that the Motion is not well-taken and is hereby denied.
After its motion was denied, PERS filed a motion for reconsideration, and the trial judge denied the motion, stating: "This cause having come by way of the Appellee's Motion for Reconsideration and the Court having considered the Motion of the Appellee and the Reply of the Appellant, does hereby find that the Motion is not well-taken and is hereby denied."
¶ 18. It is immediately apparent from a reading of the trial judge's order that the judge did not find that PERS did not receive notice of the entry of the order in Lee's favor or that Lee would not be prejudiced if the motion were granted. Although PERS stated in its motion for leave to file an appeal out of time that it did not receive notice of the entry of the order until August 30, 2007, after the expiration of the time in which to file an appeal, Lee did not admit this allegation in his response. In fact, Lee's response to PERS's motion suggests that he believes PERS was not entirely honest in making such an assertion. In his response, Lee stated in part:
Prior to providing this proposed order, counsel for Mr. Lee advised the Court of the impending deadline with respect to such ruling, copies of this correspondence are attached as Exhibits "A," "B," and "C." PERS was copied on the correspondence from Mr. Lee's counsel to the Court; therefore, based upon this correspondence and the mandates of the aforementioned rule, it is inconsistent with the facts and law for PERS to claim surprise that the Court ruled when it did and that PERS did not learn of such ruling until the time for appeal had expired. PERS's motion fails to meet the requirements of MRAP 4(h) *535 and the authority relied upon to formulate the rule; therefore, PERS's motion should be dismissed and the time for appeal should be deemed to have expired.
¶ 19. Based on Lee's response to PERS's motion, it is entirely plausible to me that the trial judge may have believed that PERS actually received notice of entry of the order within twenty-one days of it being entered. Therefore, under such circumstances, PERS would not have met the first of the two threshold requirements for the trial judge to even exercise his discretion in PERS's favor. In any case, it was incumbent upon PERS to move the trial court to make specific findings with respect to the notice and prejudice issues. It did not, even in its motion for reconsideration. Therefore, because of this additional reason, the majority errs in reversing the trial judge.
¶ 20. For the reasons presented, I dissent. I would affirm the order of the trial judge denying PERS an out-of-time appeal.
LEE AND MYERS, P.JJ., AND BARNES, J., JOIN THIS OPINION.
NOTES
[1] The construction asserted by the dissent equates the disjunctive term "or" with the conjunctive "and." However, the words "and" and "or" are not equivalent. In drafting the rules, the supreme court clearly expressed its intention by the use of the conjunctive "and." See Earle v. Zoning Bd. of Review, 96 R.I. 321, 191 A.2d 161, 163 (1963) (explaining use of "and" and "or" in statutory language); see also F. Reed Dickerson, The Difficult Choice Between "And" and "Or," 46 A.B.A.J. 310 (1960) (explaining the meaning of conjunctive as a connective word and notes that punctuation such as commas and semicolons can shed light on the meaning of a statute as intended by the supreme court).
[2] However, in its construction and interpretation of Rule 4(h), the dissent ignores the punctuation in the rule and the impact of the drafters' insertion of the connector word "and." In examining the context of the words and punctuation and resulting impact on the meaning of Rule 4(h), we examine the drafters' use of two commas setting off the word "may" in the rule. The two conditions joined by the connector "and" precede the commas setting off the insertion of the permissive "may."
[3] Rule 4(h) provides:

The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
(Emphasis added).