*530 CARLTON, J.,
for the Court.
¶ 1. This appeal involves the denial of a motion for an out-of-time appeal filed by the Public Employees’ Retirement System of Mississippi (PERS) in the Circuit Court of Hinds County, Mississippi. Finding that the circuit court abused its discretion by denying the motion, we reverse the circuit court’s judgment and remand this case for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
¶ 2. This appeal turns upon the application of procedural rules and pleadings, rather than upon the underlying merits of the factual claim. Nevertheless, a brief factual recitation is contextually helpful. Albert “Butch” Lee injured his back on November 8, 2004, when he attempted to lift a training dummy at the State Fire Academy, where he worked as an instructor/supervisor. The record reflects no dispute that Lee suffered a permanent disability rendering him unable to continue working in this capacity. Rather, the issue presented on the underlying merits concerns solely whether this injury resulted from an on-the-job traumatic injury or if the injury was related to a pre-existing condition. The parties agree that Lee’s monthly benefits are not affected by the classification; however, Lee argues that the classification of pre-existing condition results in negative tax liability ramifications.
¶ 3. After the injury at the State Fire Academy, Lee sought a disability determination. Ultimately, PERS determined that the injury was the result of a preexisting condition. PERS Disability Appeal Committee relied upon medical evidence, including that of Lee’s treating physician to find that Lee suffered from back pain for approximately ten years prior to the injury at the State Fire Academy. The documentation he submitted indicated that he had been diagnosed with a congenital spinal condition.
¶ 4. Lee appealed to the Circuit Court of Hinds County, which heard oral argument. Lee’s counsel submitted a proposed order to the circuit court, with a copy to PERS. The trial judge signed the order on June 29, 2007, and the order was entered on July 2, 2007. The record reflects that the first notice PERS actually received that the circuit court had entered the adverse opinion and order was a telephone call from Lee’s counsel to PERS’s counsel on August 30, 2007. By then, the time for filing a notice to appeal had already expired. PERS filed a motion for leave to file an out-of-time appeal on September 5, 2007. The motion was denied on November 21, 2007. PERS filed a motion for reconsideration of the denial on December 3, 2007, and this was denied as well.
DISCUSSION
¶ 5. The decision of whether to grant leave for an out-of-time appeal is discretionary, and it is subject to the provisions of Mississippi Rule of Appellate Procedure 4(h), which provides:
The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
(Emphasis added). “While the party seeking relief under Rule 4(h) bears the burden of persuading the trial court of lack of *531 timely notice, a specific factual denial of receipt of notice rebuts and terminates the presumption that mailed notice was received.” M.R.A.P. 4(h) cmt. Once the presumption of notice is rebutted, a trial court must address the issue of prejudice. Pre-Paid Legal Servs., Inc. v. Anderson, 873 So.2d 1008, 1009-10 (¶¶7-9) (Miss.2004).
¶ 6. In Horowitz v. Parker, 852 So.2d 686 (Miss.Ct.App.2003), this Court discussed the application of the second prong of Rule 4(h), i.e., whether prejudice would occur to either party if the time for appeal was reopened. In Horowitz, we found that prejudice must entail more than simply the chance of reversal and a subsequent loss of any benefit gained by virtue of the initial judgment. Id. at 688 (¶¶ 7-8) (citing M.R.A.P. 4(h) cmt.). “Prejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal.” Id. at 688(¶ 7) (quoting M.R.A.P. 4(h) cmt.). Upon the backdrop of this examination of precedent and interpretations of M.R.A.P. 4(h) by the Mississippi Supreme Court and this Court, we must now examine the plain language of Rule 4(h).
¶ 7. The dissent states that “it is entirely plausible to me that the trial judge may have believed that PERS actually received notice of entry of the order within the twenty-one days of it being entered.” With all due respect, the analysis of the dissent overlooks the supreme court’s clear direction to the trial courts that a party’s specific factual denial of receipt is sufficient to conclusively overcome any subjective reasoning by a trial judge or ambiguity in a record as to whether notice was actually received. Anderson, 873 So.2d at 1009 (¶¶ 6-7). Once the presumption of notice is rebutted, then controlling precedent and a plain reading of Rule 4(h) require the trial court to address the issue of prejudice. Id. The supreme court made clear that any prevailing party may protect itself from the possibility of an adverse party claiming lack of notice and, thereby, “insure the running of the clock by mailing notice of the entry of judgment themselves.” Id. at 1010(¶ 8).
¶ 8. The dissent asserts that Rule 4(a)(6) of the Federal Rules of Appellate Procedure is identical to our Mississippi Rule of Appellate Procedure 4(h). However, we note that the Mississippi rule enjoys the guidance of an informative comment explaining the termination of the presumption of notice by a specific factual denial. The federal rule does not contain any comment. Even though left without the benefit of the instructive comment to the procedural rule, the federal courts nonetheless apply the plain language of the rule, which is the approach set forth in the comment to our Mississippi Rule of Appellate Procedure 4(h). See Nunley v. City of Los Angeles, 52 F.3d 792, 798 (9th Cir.1995).
¶ 9. The dissent argues that the majority emasculates the word “may” in its construction and interpretation of Rule 4(h).[1] However, be not afraid, the majority seeks not to emasculate the rule, but only to apply the plain and unambiguous language of the rule in the context as it is written. *532 The construction of the plain language of the rule, when read in the proper context and with its correct punctuation, reflects that the court “may” upon motion reopen the time for appeal if the two prongs are satisfied.[2]
¶ 10. In examining the law as it applies to the case before us, we note that the circuit court’s order denying PERS’s motion for leave to file an out-of-time appeal fails to make any findings of fact as to any prejudice that Lee might suffer. The standard of review in this situation is well known:
Where the trial court failed to make any specific findings of fact, this Court will assume that the issue was decided consistent with the judgment and these findings will not be disturbed on appeal unless manifestly wrong or clearly erroneous. The reviewing court must examine the entire record and must accept, “that evidence which supports or reasonably tends to support the findings of fact made below, together with all reasonable inferences which may be drawn therefrom and which favor the lower court’s findings of fact.” That there may be other evidence to the contrary is irrelevant.
Flowers v. State, 805 So.2d 654, 656(¶ 4) (Miss.Ct.App.2002) (quoting Par Indus., Inc. v. Target Container Co., 708 So.2d 44, 47(¶4) (Miss.1998)). Therefore, we must examine the record to see if any prejudice can be found that would support the circuit court’s denial.
¶ 11. In the case before us, the record neither contains any evidence nor supports any inference that Lee would have suffered any prejudice from allowing an out-of-time appeal that would not have endured had the appeal been timely filed. While Lee might suffer some adverse tax consequence from the classification of his retirement benefits, he would have chanced this consequence in a timely filed appeal. Moreover, tax filings are subject to amendment. In sum, the record suggests nothing to show that Lee took any action in detrimental reliance upon the circuit court’s judgment. Therefore, the record contains no credible evidence to support the trial judge’s inherent finding of prejudice. In order to find prejudice, an evidentiary basis must exist to show some adverse consequence, other than the costs of having to oppose the appeal and encounter the risk of reversal inherent in every appeal. Horowitz, 852 So.2d at 688 (¶¶ 7-8). See also Nunley, 52 F.3d at 795. Based on this record, we reverse the denial of the motion to reopen and remand this cause to the circuit court for further proceedings consistent with this opinion.
¶ 12. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., GRIFFIS, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE AND MYERS, P.JJ., AND BARNES, J.

. The construction asserted by the dissent equates the disjunctive term “or” with the conjunctive “and." However, the words “and” and "or" are not equivalent. In drafting the rules, the supreme court clearly expressed its intention by the use of the conjunctive "and.” See Earle v. Zoning Bd. of Review, 96 R.I. 321, 191 A.2d 161, 163 (1963) (explaining use of “and” and “or” in statutory language); see also F. Reed Dickerson, The Difficult Choice Between “And” and "Or,” 46 A.B.A.J. 310 (1960) (explaining the meaning of conjunctive as a connective word and notes that punctuation such as commas and semicolons can shed light on the meaning of a statute as intended by the supreme court).

. However, in its construction and interpretation of Rule 4(h), the dissent ignores the punctuation in the rule and the impact of the drafters' insertion of the connector word "and.” In examining the context of the words and punctuation and resulting impact on the meaning of Rule 4(h), we examine the drafters’ use of two commas setting off the word "may” in the rule. The two conditions joined by the connector "and” precede the commas setting off the insertion of the permissive “may.”