MAXWELL, J.,
for the Court:
¶ 1. Lloyd Wayne Cuevas[1] missed the deadline for filing a notice of appeal from an adverse ruling in the Harrison County Chancery Court. He moved to reopen the time for appeal under Mississippi Rule of Appellate Procedure 4(h), alleging he did not receive proper notice of the entry of the chancellor’s order. Because Cuevas provided a specific factual denial of receipt of notice, supported by an affidavit from his attorney and other documentation, and with no contrary proof from the opposing parties, we find the chancellor abused his discretion by refusing to reopen the time for appeal. Therefore, we reverse and remand for further proceedings.
FACTS
¶2. Cuevas executed and delivered a quitclaim deed conveying his homestead property to his two daughters, Angela Ladner and Kelly Smith. Cuevas later filed suit seeking to cancel the deed of record, claiming his signature on the deed had been forged and illegally notarized. The chancellor disagreed with Cuevas’s allegations. Based on the testimony of Lad-ner, Smith, and a notary public, the chancellor found Cuevas had in fact signed the quitclaim deed. The chancellor also found the deed to Ladner and Smith had priority over a competing deed Cuevas had executed to the same property. The chancellor entered a final judgment resolving the dispute in favor of Ladner and Smith.
¶ 3. Cuevas requested that the chancellor amend his findings under Mississippi Rule of Civil Procedure 52 or, in the alternative, grant a new trial under Mississippi Rule of Civil Procedure 59. The chancellor denied Cuevas’s motion on November *938 1, 2010. Cuevas had thirty days from this date to file a notice of appeal. M.R.A.P. 4(a), (d). He missed the deadline.
¶ 4. On December 10, 2010, Cuevas moved to reopen his time for appeal under Mississippi Rule of Appellate Procedure 4(h), alleging he did not receive proper notice of the chancellor’s November 1 order. See M.R.C.P. 77. Without conducting a hearing, the chancellor denied Cue-vas leave to file an out-of-time appeal. Cuevas appeals from this ruling.
STANDARD OF REVIEW
¶ 5. We review a trial court’s denial of an out-of-time appeal under Rule 4(h) for an abuse of discretion. Pre-Paid Legal Servs., Inc. v. Anderson, 873 So.2d 1008, 1009 (¶ 4) (Miss.2004) (citing M.R.A.P. 4(h)).
DISCUSSION
¶ 6. Mississippi Rule of Civil Procedure 77(d) mandates that “[i]mmediately upon the entry of an order or judgment!,] the clerk shall serve a notice of the entry” to the parties. “In addition to the clerk’s notice, a party may serve notice on the other party.” Duncan v. Duncan, 774 So.2d 418, 420 (¶5) (Miss.2000); M.R.C.P. 77(d). By doing so, the prevailing party “may protect itself from the possibility of an adverse party claiming lack of notice and ... insure the running of the clock” for the purposes of appeal. Miss. Pub. Employees’ Ret. Sys. v. Lee, 23 So.3d 528, 531 (¶ 7) (Miss.Ct.App.2009) (citing Anderson, 873 So.2d at 1010 (¶ 8)).
¶ 7. If a party does not receive notice of a court order or receives notice so late it impairs the opportunity to file a timely notice of appeal, that party may seek relief under Rule 4(h).[2] Duncan, 774 So.2d at 420 (¶ 6); see also M.R.C.P. 77(d) cmt.; M.R.A.P. 4(h) cmt. Rule 4(h) provides:
The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
M.R.A.P. 4(h).
¶ 8. The Mississippi Supreme Court has defined “prejudice” under Rule 4(h) as “some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal.” Duncan, 774 So.2d at 420 (¶ 7). “Prejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal.” M.R.A.P. 4(h) cmt.
¶ 9. The burden is on the party seeking relief to show lack of timely notice. See Anderson, 873 So.2d at 1009 (¶ 6); Forkner v. State, 852 So.2d 604, 606 (¶ 7) (Miss.Ct.App.2002). If the clerk’s records reflect that mailed notice was provided, a presumption arises that notice was received. See Anderson, 873 So.2d at 1009 (¶7). But “a specific factual denial of receipt of notice rebuts and terminates the presumption that mailed notice was received.” Id. at 1009 (¶ 6) (quoting M.R.A.P. 4(h) cmt.); see also Lee, 23 So.3d at 530-31 (¶ 5). This court has held that *939 “a party’s specific factual denial of receipt is sufficient to conclusively overcome any subjective reasoning by a trial judge or ambiguity in a record as to whether notice was actually received.” Lee, 23 So.3d at 531 (¶ 7) (citing Anderson, 873 So.2d at 1009 (¶¶ 6-7)). “Once the presumption of notice is rebutted, [the] trial court must address the issue of prejudice.” Lee, 23 So.3d at 531 (¶ 5) (citing Anderson, 873 So.2d at 1009-10 (¶¶ 7-9)).
¶ 10. In Anderson, the supreme court reversed a trial court’s refusal to reopen the time for appeal, where the defendants made a timely specific denial of receipt of notice. Anderson, 873 So.2d at 1010 (¶ 9) (applying M.R.A.P. 4(h)). There, the defendants missed the deadline for appealing the trial court’s grant of a partial summary judgment to the plaintiff and moved under Rule 4(h) to reopen the time for appeal. Relying on the clerk’s records, which indicated that notice had been served on the parties, the trial court denied relief. Id. at 1009 (¶¶ 3, 7). The supreme court held this was an abuse of discretion. Id. at (¶ 7). Although finding the clerk’s office records gave rise to a rebuttable presumption that mailed notice was received, the supreme court held this presumption was “rebutted and terminated” when the defendants specifically denied receiving notice of the entry of the court’s order. Id. Observing that “[t]he rules clearly and unequivocally call for the clerk to provide notice of the entry of judgment,” the supreme court found it of no consequence “that defendants’ counsel were present when the ruling was announced and the order signed[.]” Id. at 1010 (¶ 8).
¶ 11. The supreme court revisited essentially the same issue in Taylor and reaffirmed Anderson’s holding. Prepaid Legal Servs., Inc. v. Taylor, 904 So.2d 1059, 1060-61 (¶¶ 9-11) (Miss.2004). As in Anderson, the defendants in Taylor specifically denied receiving proper notice of the trial court’s order under Rule 4(h). The plaintiffs failed to respond with any contrary proof showing that notice had been sent or received. The supreme court found the “specific factual denial of the receipt of notice ... rebutt[ed] and destroyed] the presumption of notice.” Id. at 1061 (¶ 10). Thus, the trial court’s refusal to reopen the time for appeal was an abuse of discretion. Id.; see also Boyles v. Schlumberger Tech. Corp., 792 So.2d 262, 266-67 (¶¶ 12-13) (Miss.2001) (reversing trial court’s refusal to reopen time for appeal); Duncan, 774 So.2d at 420-21 (¶¶ 8-9) (same); Lee, 23 So.3d at 532 (¶ 11) (same); Horowitz v. Parker, 852 So.2d 686, 689 (¶ 10) (Miss.Ct.App.2003) (same).
¶ 12. Here, Cuevas made a specific factual denial that he received notice. In his motion for an out-of-time appeal, he alleged that neither he nor his counsel received notice of the chancellor’s November 1, 2010 order (which denied his Rule 52 post-trial motion) within 21 days. See M.R.A.P. 4(h); M.R.C.P. 77(d). In support of his motion to reopen, Cuevas attached an affidavit from his attorney, Michele D. Biegel. Biegel attested she only learned of the entry of the November 1 order after receiving an email from opposing counsel on December 7. Cuevas also attached as an exhibit a partially redacted printout of an email Biegel had sent to opposing counsel on December 6. The email reflects that, as of December 6, Bie-gel was unaware of the entry of the chancellor’s November 1 order. The December 6 email further shows Biegel had anticipated a hearing on Cuevas’s post-trial motion. In Cuevas’s motion to reopen, he alleged neither Smith nor Ladner would be prejudiced by permitting an out-of-time appeal.
¶ 13. In response to Cuevas’s motion, Ladner and Smith claimed the handwritten language “4C” appearing on the *940 court’s November 1 order showed copies had been sent to the four counsel of record. They also argued Cuevas was required to show “excusable neglect” to be entitled to relief. Ladner and Smith attached no affidavits or other proof tending to show Cuevas in fact received notice of the entry of the November 1 order.
¶ 14. We note the supreme court in Anderson squarely rejected Ladner and Smith’s first argument. Though the handwritten designation “4C” may have established a presumption of notice, this presumption was rebutted and terminated when Cuevas made a specific factual denial that he received notice. Anderson, 873 So.2d at 1009-10 (¶¶ 7, 9). The supreme court has further instructed that Rule 4(h) provides a “limited opportunity for relief, independent of and in addition to that available under M.R.A.P. 4(g).” Duncan, 774 So.2d at 420 (¶ 6). And the official comment to the rule makes clear:
While the trial court retains some discretion to refuse to reopen the time for appeal even when the requirements of Rule (4)(h) are met, the concept of excusable neglect embodied in Rule 4(g) simply has no place in the application of Rule 4(h).... Thus, where non-receipt has been proven and no other party would be prejudiced, the denial of relief cannot rest on a lack of excusable neglect, such as a party’s failure to learn independently of the entry of judgment during the thirty-day period for filing notices of appeal.
M.R.A.P. 4(h) (citations and quotations omitted). Therefore, the excusable neglect criteria in Rule 4(g) have no bearing on whether Rule 4(h)’s requirements were met.
¶ 15. Ladner and Smith also suggest for the first time on appeal that Cuevas’s “lead counsel,” Walter L. Nixon Jr. might have received proper notice. Yet Ladner and Smith point to no record evidence demonstrating Nixon received proper notice, or for that matter, that Nixon was Cuevas’s lead counsel during post-trial proceedings. Indeed, Biegel was the attorney who drafted the Rule 52 motion that the chancellor denied on November 1, the entry of which Cuevas claims he did not have proper notice. And Ladner and Smith offer no contrary proof that Biegel received proper notice.
¶ 16. We find Cuevas’s specific factual denial of receipt of notice, supported by an affidavit from his attorney and other documentation, was sufficient to rebut the presumption of notice. See, e.g., Taylor, 904 So.2d at 1060-61 (¶¶ 9-11); Anderson, 873 So.2d at 1009-10 (¶¶ 7-9). Neither Lad-ner nor Smith argue they would be prejudiced by allowing Cuevas to re-open the time for appeal. And we discern no evidence of prejudice other than the costs of defending the appeal, which is not a component in our prejudice analysis. See, e.g., Duncan, 774 So.2d at 420 (¶ 7). Since Cuevas rebutted the presumption of notice, and no party would be prejudiced, we find the chancellor abused his discretion in denying Cuevas an out-of-time appeal.
¶ 17. We reverse the chancellor’s order denying Cuevas an out-of-time appeal. On remand the chancellor should reopen the time to appeal for a period of fourteen days. See M.R.A.P. 4(h).
¶ 18. THE JUDGMENT OF THE HARRISON COUNTY CHANCERY COURT IS REVERSED, AND THIS CASE IS REMANDED WITH INSTRUCTIONS TO REOPEN THE TIME FOR APPEAL FOR FOURTEEN DAYS. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPEL-LEES.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS AND *941 RUSSELL, JJ, CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY ISHEE, J. FAIR, J., NOT PARTICIPATING.

. For the purposes of this opinion, we refer to the appellants collectively as "Cuevas.”

. Rule 77(d) provides: "Lack of notice of the entry by the clerk does not affect the time to appeal, nor relieve, nor authorize the court to relieve, a party for failure to appeal within the time allowed, except as permitted by the Mississippi Rules of Appellate Procedure.”